BERGEN BEACH LAND CORPORATION, Respondent, v. THE CITY OF NEW YORK and Others, Appellants.— Order affirmed, with ten dollars costs and disbursements.    We have frequently suggested that this court should not interfere with the exercise of the discretion of the trial court in granting or refusing an injunction, but that the case should be tried on its merits so that findings of fact and conclusions of law might be formulated before the rights of the parties are passed upon, especially in a case where refusing an injunction may result in the denial of all redress to the plaintiff.    We think the present case is such a one.    There is in the complaint a claim that the doctrine of estoppel can be invoked against the right of the city to change the bulkhead line as established by the agreement, and this proposition is not without authority which tends, in dicta at least, to support it.    (*Williams* v. *Mayor, etc.,* 105 N. Y. 419; *Monongahela Navigation Co.* v. *United States,* 148 U. S. 312, analyzed in *Lewis Blue Point Oyster Co.* v. *Briggs,* 229 id. 82, and *Greenleaf Lumber Co.* v. *Garrison,* 237 id. 251.)    Without passing upon this question we think that all the facts involved in this controversy, including the facts upon which the claim for estoppel rests, should be established in the findings of fact of the trial court before a final disposition is made of plaintiff's rights.    Jenks, P. J., Mills, Blackmar, Kelly and Jaxcox, JJ., concur.

CORNELIUS GALLAGHER, Respondent, v. EDWARD S. PEROT and MINNIE B. JACKSON, as Executrix, etc., of GEORGE J. JACKSON, Deceased, Appellants.— Interlocutory judgment affirmed, with costs.    No opinion.    Jenks, P. J., Putnam, Blackmar and Jaycox, JJ., concur; Rich, J., dissents upon the ground that the finding is against the weight of evidence.

MARGARET GALVIN, as Administratrix, etc., of WILLIAM GALVIN, Deceased, Respondent, v. FEDERAL SUGAR REFINING COMPANY, Appellant. — Judgment and order unanimously affirmed, with costs.    No opinion. Present — Rich, Putnam, Blackmar, Kelly and Jaycox, JJ.

HOLLAND FOOD CORPORATION, Respondent, v. FIFTY-SECOND STREET STORAGE COMPANY, INC., Appellant.— Judgment and order of the County Court of Kings county reversed, with costs to appellant to abide the event, and new trial ordered in said court, upon the ground that the trial court erred to the manifest and substantial prejudice of defendant in excluding its offered evidence to show the condition of the ceiling as to stains at the time of the trial, defendant having shown that that condition had remained unchanged, and also in receiving evidence that defendant's manager said that it would adjust plaintiff's claim.    Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ., concur.

FREDERICK W. HOTTENROTH, Respondent, v. WILLIAM HASTORF, Appellant.— On reargument judgment reversed, with costs, and complaint dismissed, with costs, on the ground that plaintiff proved no contract for the sale of the premises, or some note or memorandum thereof expressing the consideration, in writing, subscribed by defendant or by his lawfully authorized agent.    (Real Prop. Law, § 259.)    This court unanimously reverses the second and third findings of fact and the conclusions of law found by the court at Special Term, and in place and stead thereof makes