# MEMORANDA

CORNELIUS GALLAGHER, Plaintiff, *v.* EDWARD S. PEROT and MINNIE B. JACKSON, as Executrix of the Last Will and Testament of GEORGE J. JACKSON, Deceased, Defendants.

Supreme Court, Nassau Special Term, December, 1923.

*Corporations — accounting — action by stockholder to compel defendant directors to deliver to plaintiff one-twelfth of issued stock of company and account for earnings — plaintiff claimed one-third interest in company which grew out of parent company — decree will not issue requiring delivery of stock of concern where stock stands in plaintiff's name and may be procured upon demand or in proper action — defendants occupied fiduciary relationship to plaintiff — burden on defendants to overthrow presumptions that their actions were wrongful — evidence that some of funds that financed second company came from treasury of parent company not barred by Civil Practice Act, § 347, as to executrix of one of directors — court in equity action may amend pleadings on its own motion in furtherance of justice to conform to proof — defendants compelled to deliver to plaintiff additional one-twelfth of issued stock and account for earnings thereon.*

ACTION for accounting.

*Macklin, Brown & Van Wyck* (*Pierre Brown*, of counsel), for plaintiff.

*Johnson & Galston* (*Clarence C. Galston*, of counsel), for defendant Perot.

*Duel, Strong & Whitehead* (*Sheldon Bacon*, of counsel), for defendant Jackson.

CARSWELL, J. This is an action in equity to compel the defendants to yield up to the plaintiff one-twelfth of the issued stock of the Hastings Homes Company and account for the earnings thereon. It also seeks to require defendants to deliver to the plaintiff one-quarter of the issued stock of the Hastings Homes Company and account for dividends thereon. The second item may not be made the subject of a decree in this action, since the evidence shows that one-quarter of the issued stock stands in the name of the plaintiff and certificate therefor presumably can be procured upon demand from the company or in an appropriate action in which the company is a party defendant. This is likewise true of the earnings on that block of stock.

The question then remains with respect to the one-twelfth of the issued stock.

845

It seems that Gallagher, Perot and Jackson were owners of the entire stock of a corporation known as the National Conduit and Cable Company. By a decree of this court their respective interests in that corporation as of 1907, just prior to the formation of the Hastings Homes Company, has been fixed. The findings followed the opinion (*Gallagher* v. *Perot*, 112 Misc. Rep. 717; affd., 192 App. Div. 884) and fixed these interests as one-third each to Gallagher, Perot and Jackson. Prior to that adjudication, their interests in the National Conduit and Cable Company, as of prior to 1907, were carried as three-eighths each to Perot and Jackson and one-quarter to Gallagher. The readjustment grew out of the holding that an additional one-twelfth of the entire issue belonged to Gallagher and should be taken one-half thereof from the respective three-eighths of Perot and Jackson and vested in Gallagher, so that each would hold one-third of the entire stock in the said company.

The claim of the plaintiff in substance is that the Hastings Homes Company grew out of the National Conduit and Cable Company and that as the interests of these three men in that company were one-third each, the interests in the Hastings Homes Company are in the same proportions; that Perot and Jackson saw fit, without his knowledge, to arbitrarily divide their interests in the Hastings Homes Company so that three-eighths of the stock went to Perot, three-eighths to Jackson and one-quarter to plaintiff; that independent of moneys coming from the National Conduit and Cable Company, neither himself, Perot nor Jackson put any money into the Hastings Homes Company; that such value as was developed in or that inheres in the Hastings Homes Company was due to the utilizing of the funds of the National Conduit and Cable Company, by means of loans or otherwise; that by operation of law any apportionment of the stock on a basis, other than that obtaining in the National Conduit and Cable Company, caused a constructive or resulting trust to arise in his, plaintiff's, favor, as against the other two defendants, to the extent that it became necessary to make the holdings conform the interests of these men to a one-third basis each.

The defendants claim that the Hastings Homes Company was a separate and independent venture that had no relation to the National Conduit and Cable Company; that it was a speculation in which it was specifically agreed between Gallagher, Perot and Jackson that their interests were to be Perot three-eighths, Jackson three-eighths and Gallagher one-quarter.

The question, therefore, presented is which claim does the credible and believable evidence support. This court has a right to draw inferences from directly established facts to the same degree that a jury would be free to do so. The effect, if any, that

section 347 of the Civil Practice Act has upon such evidence as is in the case with respect to its binding effect upon the defendant Jackson makes the decision of the questions of fact herein less easy than they would otherwise be.

A determination as to upon whom the duty rests to come forward with proof may have a controlling effect upon the decision of the facts involved herein. A fact or condition once shown to exist is presumed to continue to exist until the contrary is shown (22 C. J. 86) and this applies to a financial condition or the ownership of particular property. 22 C. J. 90, and cases cited. This principle has pertinency herein only in the event that it is decided as a fact that the moneys in whole or part, apart from its own earnings, that galvanized the Hastings Homes Company into life, came from the National Conduit and Cable Company, in the form of loans or otherwise.

The evidence in this case shows affirmatively that Gallagher, independent of such moneys as came from the National Conduit and Cable Company in his behalf, paid nothing to the Hastings Homes Company and yet he became the owner, on defendants' theory, of one-quarter of the entire stock of the Hastings Homes Company. The defendant Perot testifies that he has no evidence of ever having made any independent financial contribution to the Hastings Homes Company directly and such other contribution as may have been made on his behalf had some relation to some vaguely referred to special dividends from the National Conduit and Cable Company in his behalf, which found their way into the Hastings Homes Company treasury. In the absence of proof as to how this special dividend came into being and in what proportions it related to the interests of Gallagher, Perot and Jackson, it must be inferred in the light of the fact of the then beliefs of Perot and Jackson, as evidenced by the corporate action in their matters covered by the decision and interlocutory judgment referred to above, that the special dividend inured to the benefit of Gallagher, Perot and Jackson, in the proportions of one-quarter, three-eighths and three-eighths. The accuracy of this inference would be confirmed by the proportions of the stock issued in the Hastings Homes Company to these men respectively.

It follows, therefore, that so far as direct affirmative evidence is concerned there is no testimony in this case that Perot contributed any money to the Hastings Homes Company treasury to any greater degree than did Gallagher and yet he became possessed of three-eighths of the Hastings Homes Company as a matter of stock issue. As to the defendant Jackson, the same inferences must be drawn and same conclusions reached with respect to him as have been drawn with respect to Perot and these inferences are drawn from testimony to which section 347 of the Civil Practice

Act has no relation, to wit, the above findings and interlocutory judgment; and the corporate action of the National Conduit and Cable Company with respect to the $25,000 special dividends.

The net effect of all this is that the only moneys that gave life and value to the Hastings Homes Company, prior to its earning any moneys itself, were the proceeds of the special dividends and loans from the treasury of the National Conduit and Cable Company. And these special dividends were credited to Gallagher, Perot and Jackson on a one-quarter, three-eighths, three-eighths basis, when they should have been, to conform to the true measure of their respective interests, credited on a basis of one-third each.

As to the loans. As between Perot and Jackson as directors and officers and Gallagher as a stockholder the defendants Perot and Jackson occupied a fiduciary or trust relation to Gallagher. This relation required that they refrain from utilizing the funds and assets of the cable company in any manner for their benefit to a greater degree than they permitted such benefit to accrue to Gallagher, in the absence of an express, convincingly evidenced agreement that they were authorized by Gallagher to utilize the funds of the company in a manner that would inure to their benefit to a greater degree than to Gallagher's. In other words, the well-established principle has application that where a fiduciary is found to be utilizing the funds in his hands for his own personal benefit, the burden is upon him to overthrow the presumption that his action is wrongful. *Cowee* v. *Cornell*, 75 N. Y. 91, 99–102; *Sage* v. *Culver*, 147 id. 241, 247; *Barnard* v. *Gantz*, 140 id. 249; *Belden* v. *Belden*, 139 App. Div. 437. He must do this by convincing evidence. In this case the uncontradicted testimony is that some of the funds that financed the Hastings Homes Company came from the treasury of the National Conduit and Cable Company. This evidence is not affected by section 347 of the Civil Practice Act by way of destroying its binding force upon the defendant Jackson. There is other evidence which may be affected by section 347 of the Civil Practice Act which sustains a finding that all the moneys came from the same source. To be sure here is evidence which negatively establishes that there were no entries on the books of the National Conduit and Cable Company showing the utilizing of that company's funds for the benefit of the Hastings Homes Company, but this testimony has little or no force in the light of the testimony of Perot and Gallagher, which establishes that neither independently contributed any money to the Hastings Homes Company, and yet the Hastings Homes Company has become possessed of vast assets and completed substantial operations involving the use of a great deal of money. This money could not be drawn from airy nothingness and as the testimony shows it

did not come from independent individual contributions of the stockholders, it must have come from the company of which these self-same stockholders had complete ownership. The fact of there being a lack of entries can only be accounted for on the basis that the books of the National Conduit and Cable Company so far as they related to the Hastings Homes Company operations were misleadingly kept in a furtherance of some fraudulent purpose or for some other reason. At this stage, therefore, and upon the testimony that has been indicated, it follows presumptively that the ownership of the Hastings Homes Company was on a basis of one-third each to Gallagher, Perot and Jackson. This holding must finally obtain in this case unless there has been convincing evidence adduced herein by Perot and Jackson or the plaintiff that overthrows the presumption that arises out of Perot and Jackson assuming to utilize what in effect were trust funds for their own personal advantage to a degree that disregarded their respective ownership of the trust funds themselves and also to their applying special dividend moneys likewise in proportions that disregarded the true proportionate ownership of them. This necessitates an examination of the legal evidence in this case to ascertain whether this burden has been met.

The deed which vested the title of the real property in Gallagher, Perot and Jackson individually on a one-quarter, three-eighths and three-eighths basis, was never in the possession of Gallagher and its contents were not known to him. This parcel substantially became the original chief asset of the Hastings Homes Company. The deed that Gallagher signed together with Perot and Jackson and their wives devising the parcel to the Hastings Homes Company, does not recite the proportions of ownership as set out in the deed to Gallagher, Perot and Jackson, which Gallagher did not see. The minutes of the Hastings Homes Company purport to recite a meeting of the board of directors of that company, at which Perot acted as chairman and Jackson as secretary, in which the company agreed to take the parcel of real property and pay therefor on a basis of 375 shares to Perot; 375 shares to Jackson and 250 shares to Gallagher. These minutes were put in evidence upon the proving of the signature of Jackson. They were not received in evidence to prove any action of the corporation on behalf of the corporation or against it, but rather to prove a recital therein as a fact binding upon an individual, to wit, Gallagher. The recitals in the minutes as evidence were not binding upon Gallagher in this case (*Thayer* v. *Schley*, 137 App. Div. 166, 172; *Rudd* v. *Robinson*, 126 N. Y. 113; *Reilly* v. *Freeman*, 84 App. Div. 433), but assuming that they were, then the testimony

of Gallagher became admissible, to meet the recital. *Poppen-husen* v. *Poppenhusen*, 68 Misc. Rep. 548; affd., 149 App. Div. 307. The minutes themselves do not state that the action of the board of directors was unanimous. Having in mind the burden is on the defendants to convincingly establish every element that will reveal their action was not in violation of a fiduciary relation, that fact, considered in connection with all the testimony in the case, causes me to accept the denial of Gallagher of the claim that he was present at that meeting or that he acquiesced or agreed to a transfer of the real property to the Hastings Homes Company on a basis which gave him but one-quarter, while it gave Jackson and Perot three-eighths of the stock in payment therefor. I do not believe Perot's testimony to the contrary and we have no testimony from Jackson to shed light on the matter.

The indorsements on the back of the stock certificates of the Hastings Homes Company were excluded, although there is testimony that Gallagher indorsed a 250-share certificate in blank without the same having been separated from the stub in the stock book. He may never have seen the other two certificates and assumed Perot's and Jackson's were also for 250 shares. It seems that he had comparatively little to do with the office records of the company and the management of the finances of the National Conduit and Cable Company, and had nothing to do with similar affairs connected with the Hastings Homes Company. It seems that Jackson handled such matters with co-operation from Perot, who was president of the National Conduit and Cable Company and the Hastings Homes Company, Jackson being the treasurer. The signing of this certificate, standing alone, in the light of all other testimony in the case is not enough to establish the burden resting on the defendants Perot and Jackson, that there was a special agreement that the stock of the Hastings Homes Company was to be divided on a basis of three-eighths, three-eighths and one-quarter, to Perot, Jackson and Gallagher and that the funds of the National Conduit and Cable Company owned by these three men on a one-third basis were to be utilized to the extent necessary to put the Hastings Homes Company in the position of a going and adequately financed concern.

All the evidence indicates that the Hastings Homes Company operation was carried out by Perot and Jackson, without consulting Gallagher as to any of the details beyond that of procuring his signature to the deed to the company and such similar formal acts on Gallagher's part; that he, by reason of his long relationship with them, trusted Perot and Jackson on the assumption that whatever they did would be on an equitable and lawful basis. It also indicates that Perot and Jackson arbitrarily, without the

knowledge and consent of Gallagher, fixed the proportions as three-eighths, three-eighths and one-quarter in the Hastings Homes Company because of what has since been held to be fraudulent action or an erroneous opinion that those were the proportions of their interests in the National Conduit and Cable Company from which or of which the Hastings Homes Company was an outgrowth or increment. I conclude, therefore, that the defendants' claim has not been established, and plaintiff's claim should prevail.

The defendants insist, however, that this result may not be given effect in this action, because the complaint does not literally follow the theory upon which the foregoing conclusion is predicated. The authorities hold to the contrary. The defendants were apprised of the substance of the claim of the plaintiff, to wit, that one-twelfth of the stock of the Hastings Homes Company had been arbitrarily apportioned between Perot and Jackson in violation of his, Gallagher's, rights in moneys and properties that Pero and Jackson were handling. As a matter of substance they are not and have not been misled as to the claim of the plaintiff. The complaint was drawn at a time when another action was pending which culminated in a judgment hereinbefore referred to. All of the facts were not known to plaintiff but they subsequently became known as a result of the progress of that other action. The court in an action in equity in furtherance of justice on its own motion may amend the pleadings to conform to the situation that is developed by the evidence, if in doing so the other parties litigant are not as a matter of substance prejudiced. This case is one that calls for such action and accordingly the complaint is amended to conform with the proof. *Reeder* v. *Sayre,* 70 N. Y. 180, 190; *Lounsbury* v. *Purdy,* 18 id. 515, 520, 521; *Barber* v. *Marble,* 2 T. & C. 114, 117; *Reck* v. *Phœnix Insurance Co.,* 3 Civ. Pro. Rep. 376, 381, 382; Civ. Prae. Act, §§ 105, 434; Rules of Civil Practice, rule 166; Baylies Tr. Pr. (2d ed.) 301.

It accordingly will be adjudged herein that as between the plaintiff and the defendants the block of stock covered by the certificate for 250 shares is the property of the plaintiff. It will also be adjudged that an additional one-twelfth of the stock, to wit, 41⅔ shares of the 375 shares now vesting in Perot and 41⅔ shares of the 375 shares now vesting in Jackson are the property of the plaintiff and this stock the defendants will be required to transfer to him and these defendants will also be required to account for such dividends or profits as may have been received by them from the company on this block of stock representing one-twelfth of the entire issue.

Judgment for plaintiff in accordance with the foregoing, with costs.

Judgment accordingly.