EMMA H. HORSFALL, Appellant, *v.* MALCOLM W. SCHULER and Others, Board of Water Commissioners of Water District No. 1, Town of New Castle, Respondents.

Second Department, June 18, 1926.

Towns — water districts — taxpayer's action to restrain laying pipes in undedicated streets to supply residents — said property is within water district — laying pipes in private streets under grants of permanent easements does not violate Constitution, art. 8, § 10 — injunction pendente lite properly denied — discretion of Special Term not interfered with, save in exceptional cases.

In a taxpayer's action to restrain the board of water commissioners of a water district from laying pipes under streets which have not been dedicated as public streets and accepted as such, but which property is within the water district, an injunction *pendente lite* was properly denied, since it appears that the commissioners of the water district had the power to lay the pipes for the purpose of supplying residents living along the private roads, and that, since the pipes were laid under free grants of permanent easements or rights to lay such pipes, and the title to the pipes remains in the water district, it cannot be said that there is a violation of either the letter or the spirit of section 10 of article 8 of the State Constitution which prohibits the expenditure of public moneys of a town for private purposes.

The Appellate Division will not interfere with the discretion of the Special Term in granting or refusing an injunction *pendente lite*, save in exceptional cases.

APPEAL by the plaintiff, Emma H. Horsfall, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 3d day of June, 1926, denying plaintiff's motion for an injunction restraining defendant Board of Water Commissioners of Water District No. 1, Town of New Castle, from laying water pipes in certain alleged private streets in said town.

*Thomas G. Barnes*, for the appellant.

*Joseph E. Merriam* [*Robert B. Stewart* with him on the brief], for the respondents.

KELLY, P. J.  The parties, plaintiff and defendants, applied to this court on June 4, 1926, for an order directing that this appeal be heard forthwith upon the original papers, for the reason, as alleged, that public interests were involved which would be prejudiced by delay.  The court granted the application, the appeal was added to the day calendar for June fourth and was argued and submitted on that day.  The original papers have not been filed; we are provided with what purports to be typewritten uncertified copies of the papers, or some of the papers; the plaintiff's motion papers are not filed; no notice of appeal appears with the papers submitted nor are we informed whether the learned justice at Special Term filed any opinion with the order denying plaintiff's motion for an injunction *pendente lite*.

We have frequently announced the rule that this court will not interfere with the discretion of the Special Term in granting or refusing an injunction *pendente lite* save in exceptional cases, but that the action should be tried and determined upon the merits, so that the evidence, and the findings of fact and conclusions of law based thereon, might be before this court upon the appeal. (*Bergen Beach Land Corporation* v. *City of New York*, 192 App. Div. 884; *Schenck* v. *Underhill*, 205 id. 162.)

But accepting the typewritten papers before us as genuine copies of the original papers on file, in the effort to comply with the request of the litigants, we proceed to examine the record submitted to us.

We do not know when the plaintiff taxpayer commenced this action to enjoin the board of water commissioners from proceeding with the work of laying the water pipes.  The summons is not with the papers.  The complaint appears to have been verified on June 3, 1926, which is the date of the order appealed from.

The plaintiff taxpayer alleges that the defendants water commissioners " have commenced or are about to commence " the laying of approximately 750 feet of distributing pipes on one street, and 400 feet on another street in " Douglas Manor," which is alleged to be a subdivision of private property within the water district over which the defendants have supervision; that these pipes are laid or to be laid on private roadways in " Douglas Manor " for the purpose of supplying water to " resident taxpayers " in " Douglas Manor."  Plaintiff's alleged grievance is that the water pipes are to be laid in " private streets or roadways " which " have never

been dedicated, accepted or acquired as public highways or streets by the town of New Castle, the municipality in which said private streets or roadways " are located. It is alleged that the board of water commissioners intend to pay the cost of laying these pipes from the proceeds of water bonds pursuant to article 13 of the Town Law, and the plaintiff taxpayer's complaint is that such payments are illegal and constitute waste of the funds of the water district and of the taxpayers therein, and that they are in violation of article 8, section 10, of the State Constitution, which prohibits the expenditure of public moneys of a county, town or village for private purposes.

As already suggested, the so-called " Douglas Manor " is located within the water district, and the property therein is subject to taxation and bears its share in the indebtedness created by the issue of water bonds, but the plaintiff complains that no additional assessment has been levied against the " abutting property owners " to pay the cost of laying the 1,000 feet of pipe in the so-called private streets for the purpose of supplying water to the taxpayers residing in Douglas Manor. Apparently the defendants had filed no answer at the time the motion for injunction *pendente lite* was heard, so that issue had not been joined, but the parties submitted what is described as a stipulation of " facts for the purposes of this action."

Examining this stipulation, supplemented by the argument and briefs filed by the appellant and the respondents, we conclude that the question presented to the learned justice at Special Term was the right of the defendant board of water commissioners to lay these pipes in the two private streets mentioned for the purpose of supplying water to the taxpayers of the district residing in Douglas Manor. We have no map or plan showing the location of the property or of these disputed pipe lines, nor is there any statement of the cost of laying the pipes or the revenue to be derived by the water commissioners for supplying water through such pipes. The stipulation as to facts states that the streets referred to are not " connecting links between any public highways."

The plaintiff taxpayer insists that public moneys cannot be spent in laying distributing pipes through private streets in order to reach dwellings, and that any other rule " opens the door to the grossest waste of public funds for the benefit of the scheming land developer at the expense of the general taxpayers." She cites Mr. Justice Merrell's opinion in *American Society P. C. A.* v. *City of New York* (205 App. Div. 335) where it is said: " Public moneys * * * cannot be expended for the benefit of a private individual or corporation or for the improvement of the property of any such." The plaintiff, appellant, insists that the water commissioners have

violated or intend to violate this salutary principle, and she bases her claim largely upon the decision of the Court of Appeals in *Smith* v. *Smythe* (197 N. Y. 457), where Chief Judge CULLEN, writing for the court, held that a statute (Laws of 1907, chap. 93) adding to the General Village Law a provision authorizing the board of trustees to light and care for private streets and roads in a park or subdivision similar to Douglas Manor, was unconstitutional and violative of section 10 of article 8 of the Constitution.

But it seems to me, on the rather incomplete record before us, that there is a marked distinction between the care and maintenance of private streets and roads at public expense with the attendant responsibilities of the village arising from such care and maintenance, and the use of one of these private roads under a permanent grant or easement to the board of water commissioners for the purpose of laying a pipe to supply water to taxpayers of the water district who bear their share of cost of water supply in such district. Under the Town Law (Art. 13) the water district is formed for the purpose of distributing water among the inhabitants thereof. The supplying of water to the inhabitants of the town is in itself a private matter of business. The town is not bound at common law to supply the inhabitants with water. If certain of the inhabitants desire to take advantage of the act of the Legislature authorizing· the creation of water districts, the character of the enterprise is not changed. Certain of these inhabitants reside in this private park or subdivision. It seems to me that the fundamental purpose of the statute is carried out by furnishing them with water with the added revenue derived by the board of water commissioners from such supply. The statute authorizes a town board to take over the plant and works of a private water company and to assume its debts and obligations (Town Law, §§ 270–279), or the town board may establish water supply districts (§ 281) and contract for a supply of water with a village which owns a water works, or (§ 282) it may establish a district which is to construct its own water works. The statute provides for maps and plans, showing the proposed cost and method of distribution, and if these are approved by the town board after public hearing, water commissioners shall be appointed to carry out the work. The cost is borne by the property owners within the district. We are not furnished with these maps and plans. Supply pipes used by private owners and connecting with the pipes installed by the water commissioners shall be laid and kept in repair by such private owners. (§ 295.) But it seems to me that the laying of pipes by the water commissioners, title to which remains in them, under free grants of permanent easements or rights to lay such pipes, cannot be said

to violate the letter or spirit of the constitutional prohibition on which the appellant relies. The statute appears to vest large discretionary powers in the town authorities and the water commissioners as to the method in which the water is to be conveyed to the inhabitants of the district.

On the record before us we think no case is made out for departing from our rule already cited, and that we should not interfere with the discretion of the learned justice at Special Term familiar with the locality, with the present condition of the work, with its cost, the anticipated revenue to be derived from this particular sale of water, and with the maps and plans upon which the water supply district was created. These matters should all be inquired into and be made the subject of findings of fact and conclusions of law. If either party feels aggrieved by the judgment after trial, the questions may then be determined by this court upon a proper record.

The order denying injunction *pendente lite* should be affirmed, with ten dollars costs and disbursements.

MANNING, YOUNG, KAPPER and LAZANSKY, JJ., concur.

Order denying injunction *pendente lite* affirmed, with ten dollars costs and disbursements.