■ SAMUEL EIDELBERG et al., Respondents-Appellants, and NYACK BANK & TRUST COMPANY, Respondent, v. ABRAM STEINBERG et al., Appellants-Respondents, et al., Defendants.— In an action for a declaratory judgment, for a permanent injunction to prevent interference with the construction of an apartment house, and for other relief, the appeal and cross appeal are from portions of an order granting an injunction *pendente lite.* More specifically, the order provides (1) that until the further order of the court appellants-respondents are restrained from interfering with the building permit issued for the erection of said building and from interfering with its erection, (2) that tenants who have signed leases be permitted to occupy apartments in said building, subject to the further order of the court, and (3) that said building permit is valid and in full force and effect, which provision is contained in the second ordering paragraph. Respondents-appellants contend that the temporary injunction is not sufficiently comprehensive; appellants-respondents contend that it should not have been granted. Order modified by striking therefrom the second ordering paragraph. As so modified, order, insofar as appealed from, affirmed, without costs. A definitive adjudication as to the validity of the building permit, or as to respondents-appellants' right in this action to obtain the relief which they seek, should be made only after a plenary trial of the issues, and not on a motion such as this for an injunction *pendente lite.* The general rule is that, except in unusual circumstances, an appellate court is loath to interfere with the discretion exercised by a Justice at Special Term in granting or denying an injunction *pendente lite* (*Horsfall* v. *Schuler,* 217 App. Div. 146). It appears (1) that in reliance on the validity of a building permit issued by the local building inspector and in reliance on the validity of zoning regulations, the building has been practically completed apparently in conformity with applicable building regulations and is almost ready for occupancy, and (2) that leases have been made with about 40 tenants who may be without housing accommodations if they are not permitted to occupy the leased apartments pending the determination of this litigation. Under the circumstances, we cannot say that the learned Justice at Special Term abused his discretion in granting the temporary injunction — particularly since denial would cause irreparable harm to the respondents-appellants and to many innocent persons without any appreciable benefit to the appellants-respondents. The circumstances here clearly do not necessitate a departure from the general rule stated above. A trial of the issues, however, should be had promptly. Nolan, P. J., Wenzel, Hallinan and Kleinfeld, JJ., concur; Murphy, J., concurs insofar as the order appealed from is modified by striking therefrom the second order paragraph, but dissents from the affirmance of the order as so modified, insofar as appealed from, and votes to further modify the order by striking therefrom the first, third and fifth ordering paragraphs and by substituting in place of the first paragraph a provision that the motion for the injunction *pendente lite* be denied, and as so modified to affirm the order, insofar as appealed from, with the following memorandum: The action is one to enjoin interference with construction of a garden-apartment building and for damages caused by conspiracy to obstruct its completion. The learned Special Term had no discretion to grant an injunction and particularly to order occupancy of a building for which there is neither a building permit nor a certificate of occupancy (*Town of Greenburgh* v. *Buser,* 285 App. Div. 1090; cf. *Horsfall* v. *Schuler,* 217 App. Div. 146, 149, 150). There is a sharp and substantial dispute as to whether the building, so far as constructed, conforms to the requirements as set forth in the village zoning ordinance. The building permit, as thereon stated, is subject to the provisions of the ordinance. Its issuance does not bar enforce-

ment of the ordinance (*Matter of Kaltenbach* v. *Board of Standards & Appeals of City of N. Y.*, 274 N. Y. 34; *City of Buffalo* v. *Roadway Tr. Co.*, 303 N. Y. 453, 463; *Matter of B & G Constr. Corp.* v. *Board of Appeals of Vil. of Amityville*, 309 N. Y. 730, 732). Nor would knowledge of noncompliance on the part of village officials warrant estoppel of enforcement (*City of Yonkers* v. *Rentways*, 304 N. Y. 499, 505). The permit was revoked on March 4, 1958. The board of trustees, empowered to enforce the ordinance by direct action, ordered the continuation of the revocation (cf. *Matter of Fairchild Sons*, 242 App. Div. 651). Respondents-appellants appealed from the revocation to the zoning board of appeals, as provided for in the ordinance. They abandoned that appeal. In any event, no certificate of occupancy has been issued or even applied for. Issuance of that certificate is a prerequisite to occupancy, as set forth in the ordinance and in the building permit. The provision in the order, here affirmed, that "tenants" may occupy apartments is an initiation and sanction of the performance of unlawful acts (*Marcus* v. *Village of Mamaroneck*, 283 N. Y. 325, 331). Determination of existence and validity of the permit and whether a certificate of occupancy should issue, if and when one is applied for, should be an administrative and not a judicial determination, in the first instance. The remedy by way of appeal from an adverse administrative determination, as provided for under the ordinance, and by review thereof under the appropriate provisions of the Village Law, is adequate and exclusive (*Radano* v. *Town of Huntington*, 281 App. Div. 682, affd. 305 N. Y. 911; *Kane* v. *Walsh*, 295 N. Y. 198, 206).