■ MILDRED N. MONTROSE et al., as Executrices of ANNIE NIRENBLATT, Deceased, Respondents, v WESTERN WOODWORKING Co., INC., Appellant, et al., Respondent.—In a summary eviction proceeding, removed to the Surrogate's Court, Nassau County, from the Civil Court of the City of New York, Kings County, and limited thereafter to a determination of damages for breach of a lease of real property, Western Woodworking Co., Inc., appeals from (1) a judgment of the Surrogate's Court, Nassau County, dated December 2, 1975, which, after a nonjury trial, is in favor of petitioners and against it and dismissed its counterclaim and (2) an order of the same court, dated April 22, 1976, which denied its motion to be relieved of the judgment and to reopen the trial for the purpose of presenting new and additional evidence upon the issue of the validity of a certain writing, dated May 9, 1969. Judgment and order affirmed, with one bill of costs payable to petitioners by appellant, upon the opinions of Surrogate Bennett. Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.

■ EDITH PACKER, Respondent, v BENJAMIN PACKER, Appellant.—In an action for divorce, the defendant husband appeals, on the ground of excessiveness, from so much of a judgment of the Supreme Court, Rockland County, entered August 16, 1976, as awarded plaintiff alimony and a counsel fee. Judgment affirmed insofar as appealed from, with costs. A review of the evidence indicates that the awards of $150 per week as alimony and $2,000 as a counsel fee were not excessive. The husband's salary, coupled with his additional income from other sources, enables him to well afford the awards. In addition, plaintiff has few marketable skills, has been a housewife for 26 years, and should not be forced into the job market (see *Kay v Kay,* 37 NY2d 632). Her own testimony, as well as that of her psychiatrist, revealed that she is suffering from a mental illness in the form of a depression brought on by the break-up of the marriage and that she is thus, at present, not capable of holding a full-time position. Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.

■ SELDEN SANITARY CORP. et al., Respondents, v DISTRICT COURT OF THE COUNTY OF SUFFOLK et al., Appellants.—In a proceeding pursuant to CPLR article 78 to prohibit a certain criminal prosecution, the appeal (by permission) is from an order of the Supreme Court, Suffolk County, dated September 15, 1976, which stayed all proceedings in the District Court of the County of Suffolk, First District, in a certain criminal prosecution against petitioners, pending the determination of the article 78 proceeding. Order affirmed, with $50 costs and disbursements. In light of the stipulation entered into before a Justice of the Supreme Court, Suffolk County, Special Term did not abuse its discretion in granting a stay (see *Eidelberg v Steinberg,* 6 AD2d 895). Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.