■ TOWN OF POUND RIDGE, Respondent, v JAMES E. INTRONE, as Commissioner of the New York Office of Mental Retardation and Developmental Disabilities, Appellant. — In an action, *inter alia,* (1) to declare that upon changing the program requirements for the establishment of residential facilities for the mentally disabled within the plaintiff Town of Pound Ridge, the defendant commissioner was required to recomply with the provisions of section 41.34 of the Mental Hygiene Law, and (2) to enjoin the commissioner from establishing a facility at Lower Shad Road in the absence of such recompliance, the commissioner appeals (1) from an order of the Supreme Court, Westchester County (Burchell, J.), dated August 21, 1980, which, *inter alia,* granted petitioner a temporary restraining order and (2) from a further order of the same court (Walsh, J.), dated November 3, 1980, which granted plaintiff's motion for a preliminary injunction enjoining the commissioner from establishing a community facility at the proposed site pending determination of the action. Appeal from the order dated August 21, 1980 dismissed, without costs or disbursements. That order was superseded by the order granting plaintiff's motion for a preliminary injunction. Order dated November 3, 1980 affirmed, without costs or disbursements. The essence of plaintiff's complaint in this action is that after promulgating one set of criteria for the establishment of residential facilities (group homes) for the mentally disabled within the Town of Pound Ridge and requiring the plaintiff to work (unsuccessfully) within those mandated criteria to identify suitable sites, the commissioner proceeded to alter his requirements and select a site which did not comply with the previously established criteria. By that time the plaintiff's right to participate in the site selection process pursuant to section 41.34 of the Mental Hygiene Law had already expired. As a result, plaintiff argues, it has been effectively denied its statutory right to participate in the site selection process and should be afforded a second opportunity to work, *inter alia,* with the commissioner in the designation of potential sites complying with the new criteria. After considering a variety of factors, including the substantiality of the plaintiff's claim, the serious implications which it may have upon the harmonious working relationship envisioned by the Legislature between the

various State and local agencies and the affected communities in the establishment of community residences for the mentally disabled (see L 1978, ch 468, § 1; see, also, Governor's Memorandum approving chapter 468 of the Laws of 1978, NY Legis Ann, 1978, p 273), and the clear showing of irreparable injury should the preliminary injunction be denied, we do not believe that the Justice presiding at Special Term abused his discretion in granting the plaintiff's motion (see *Gambar Enterprises v Kelly Servs.,* 69 AD2d 297, 306; *Picotte Realty v Gallery of Homes,* 66 AD2d 978; *Eidelberg v Steinberg,* 6 AD2d 895). Titone, J.P., Mangano, Gulotta and Thompson, JJ., concur.