■ Courageous Syndicate, Inc., et al., Respondents, v People-to-People Sports Committee, Inc., et al., Appellants.—In an action, *inter alia,* to recover damages for breach of contract, defendants and the intervenor-defendant appeal from an order of the Supreme Court, Westchester County (Delaney, J.), dated June 11, 1985, which granted plaintiffs' motion for a preliminary injunction restraining defendants from interfering with plaintiffs' use of the yacht *Defender* and the tender *Eagle* pending the trial and determination of this action.

Order affirmed, with costs.

This dispute concerns the use of the 12-meter racing yacht *Defender* and the tender *Eagle,* both of which are owned by defendant People-to-People Sports Committee, Inc. (hereinafter PTP), in preparation for an upcoming effort by the United States to recapture the America's Cup from Australia in 1987. Both the Courageous Syndicate, Inc. (hereinafter plaintiff) and the intervenor-defendant Heart of America Challenge, Inc. (hereinafter HOA), had been sanctioned as challengers by PTP, which provides *Eagle* for use as a tender, and *Defender* for use as a "trial horse" to all of its sponsored yachts. Such usage, however, is subject to plaintiff's contractual right to the "stabling" of both boats, and its priority in their use.

As a result of a disagreement, PTP sought to terminate its sponsorship of plaintiff's challenge effort and demanded the return of the boats, which it desires to furnish to HOA for the summer training period. Plaintiff's motion for a preliminary injunction against PTP's action was granted by Special Term, and this appeal followed. We now affirm.

In this case, Special Term properly weighed and considered the evidence in light of the requirements for the granting of a preliminary injunction. To be entitled to such relief, a movant must demonstrate (1) a likelihood of success on the merits; (2) that irreparable injury will result if provisional relief is not granted; and (3) that the balancing of the equities is in the movant's favor (*Albini v Solork Assoc.,* 37 AD2d 835; *Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.,* 70 AD2d 1021; *appeal dismissed* 48 NY2d 654). Plaintiff herein has contractual priority to the use of *Defender,* while HOA has, at best, an agreement with PTP that will allow it to equitably share in the use of *Defender* as a "trial horse" to race against any yacht which it may subsequently acquire. Thus, plaintiff's contractual rights are clearly superior to HOA's purported right to use *Defender* to train a crew and to raise funds in order to acquire such a yacht. It is additionally clear that plaintiff will suffer irreparable harm if it is unable to use *Defender* along with its own yacht, *Courageous II,* in its summer training program, since the boats have been racing against each other, with *Defender* as the benchmark, for the past three years in preparation for the upcoming America's Cup challenge. The equities also balance in favor of the plaintiff, which already has a yacht to race against the *Defender,* whereas HOA merely desires to use the yacht for fundraising and training purposes. Accordingly, we find no abuse

of discretion on the part of Special Term in granting the preliminary injunction at issue (*Town of Pound Ridge v Introne,* 81 AD2d 885).

Clearly, the interest of justice would be best served by an early trial in this case. Mollen, P. J., Gibbons, Rubin and Kooper, JJ., concur.