■ CHARLES VERSAGGI et al., Respondents, v SAND LAND CORPORATION et al., Appellants. (Matter No. 1.) BRIDGEHAMPTON MATERIAL AND HEAVY EQUIPMENT CORPORATION et al., Appellants, v CHARLES VERSAGGI et al., Respondents. (Matter No. 2.)—In (1) a special proceeding pursuant to Business Corporation Law § 1104-a, inter alia, for the judicial dissolution of a closely held corporation, to wit, Sand Land Corporation, and (2) an action, inter alia, to enjoin the defendants in matter No. 2, Charles Versaggi and Henry Brown, the minority shareholders of Sand Land Corporation, from entering on the property of Sand Land Corporation and extracting any minerals therefrom, Richard M. Thayer, a defendant in matter No. 1, and the plaintiffs in matter No. 2, Bridgehampton Material and Heavy Equipment Corporation (hereinafter Bridge-

hampton) and Sand Land Corporation (hereinafter Sand Land), appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Lama, J.), dated October 31, 1986, as denied the motion of the plaintiffs in matter No. 2 for summary judgment and granted the cross motion of the petitioners in matter No. 1 for a preliminary injunction prohibiting Sand Land and Thayer from discontinuing the selling and loading, at the request of the petitioners, of sand, minerals, and marl, for the price stipulated in a shareholders' agreement dated January 6, 1984.

Ordered, that the order is affirmed insofar as appealed from, with costs.

We find that the court properly denied the motion of the plaintiffs in matter No. 2 for summary judgment. Specifically, we note that the defendants in matter No. 2 have raised a triable issue of fact with respect to an alleged oral agreement between the original shareholders of Sand Land permitting them, *inter alia,* to occupy the property of the corporation and to maintain buildings and store equipment thereon. They have also raised triable issues as to whether the renewal of a five-year lease dated January 8, 1986, between Bridgehampton and Sand Land, granting Bridgehampton the exclusive right to conduct mining operations on the subject premises, was executed "in the usual or regular course of business actually conducted" by Sand Land *(see,* Business Corporation Law § 909 [a]), and, hence, whether their consent as minority shareholders was required to approve the agreement.

We further conclude that the court did not abuse its discretion in granting the cross motion for a preliminary injunction *(see, Composite Panel Fabricators v Webb,* 118 AD2d 615; *Eidelberg v Steinberg,* 6 AD2d 895). The written shareholders' agreement dated January 6, 1984, between Wellington Enterprises Ltd. (the prior majority shareholder of Sand Land) and the petitioners in matter No. 1, which was apparently assumed by the present majority shareholder of Sand Land, expressly provides, in part, as follows: "4. Henry and Charles [petitioners in matter No. 1] shall have the right to purchase sand from Sand Land Corporation at the rate of $ .50 per cubic yard and $1.25 per cubic yard for marrow or such price as the parties mutually agree for material they buy for resale outside of the premises".

The remaining contentions raised by the appellants are without merit. Thompson, J. P., Bracken, Lawrence and Spatt, JJ., concur.