■ Virginie Cochard-Robinson et al., Respondents, v Jorge Concepcion et al., Appellants, et al., Defendants. [875 NYS2d 224]—

In an action to recover damages for breach of contract, fraud, and negligent misrepresentation, the defendants Jorge Concepcion and Crown Construction Builders and Project Management Corp. appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated October 1, 2007, which denied their motion pursuant to CPLR 3016 (b) and 3211 (a) (1), (5) and (7) to dismiss the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, that branch of the appellants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against them is granted, and the motion is otherwise denied as academic.

The plaintiffs purchased a parcel of real property from the defendant Jorge Concepcion. Prior to the sale, Concepcion's

construction company, the defendant Crown Construction Builders and Project Management Corp. (hereinafter Crown), had constructed a four-story building on the property and had later partly demolished it. The plaintiffs were aware that the building they were purchasing was partly demolished, and they had the building inspected by an engineer prior to the sale. As a condition precedent to the plaintiffs' obligation to purchase the property, the contract of sale required Concepcion to provide the plaintiffs with a valid certificate of occupancy (hereinafter COO) at closing. The contract of sale further provided that the plaintiffs did not rely on any representations by Concepcion, that the closing extinguished all obligations of and covenants between the parties, that the plaintiffs were fully aware of the condition of the property and accepted it "as is," and that the contract expressed the parties' full agreement and had been entered into after full investigation. The plaintiffs also entered into a construction contract with Crown for the completion of the demolition and renovation of the building. The construction contract provided, inter alia, that no warranties extended beyond the delivery of the premises to the plaintiffs and that any breach of the contract of sale would be considered a breach of the construction contract and vice versa.

Approximately three years after the closing, the plaintiffs commenced this action against Concepcion, Crown, and others, alleging breach of contract, fraud, and negligent misrepresentation. The complaint alleged that at the time they constructed the subject building, Concepcion and Crown (hereinafter the appellants) submitted to the New York City Department of Buildings (hereinafter the DOB) a set of plans and specifications, and the DOB issued the appellants a COO. According to the complaint, however, the appellants had, inter alia, "failed to provide a masonry wall and steel beams necessary for the Building to be structurally sound," and thus the building was not in compliance with the plans submitted by the appellants or the New York City Building Code. Therefore, the plaintiffs reasoned, the COO issued by the DOB was not valid, and thus Concepcion breached his contractual duty to deliver to the plaintiffs a valid COO, and the appellants fraudulently and negligently misrepresented to the plaintiffs that the COO was valid.

The appellants moved to dismiss the complaint insofar as asserted against them, pursuant to CPLR 3016 (b) and 3211 (a) (1), (5) and (7), on the grounds that the complaint failed to state a cause of action and failed to plead fraud with the required specificity, that a defense was conclusively established by documentary evidence, and that the action was time-barred. The Supreme Court denied the appellants' motion.

Dismissal of a complaint pursuant to CPLR 3211 (a) (1) is appropriate where "the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.,* 98 NY2d 314, 326 [2002]). Here, in support of their motion, the appellants submitted documentary evidence, including the contract of sale and the COO issued by the DOB, and established a defense founded upon that evidence.

All three of the plaintiffs' causes of action are based upon the premise that the COO issued by the DOB was not valid. Yet, in support of their motion, the appellants produced a COO that appears to be valid on its face. Indeed, the plaintiffs do not dispute the facial validity of the COO. Instead, they contend that the document is not valid because the appellants induced the DOB to issue the certificate, while concealing from the DOB the building's alleged structural defects. This argument confuses the validity of the certificate with the question of whether it was proper for the DOB to issue the certificate. The latter question is not before this Court (*see Eidelberg v Steinberg,* 6 AD2d 895, 896 [1958] [Murphy, J., concurring] [whether a certificate of occupancy should issue "should be an administrative and not a judicial determination, in the first instance"]; *see also Radano v Town of Huntington,* 281 App Div 682 [1952], *affd* 305 NY 911 [1953]). In short, at the time of the closing, the COO was "valid," as that term is used in the contract of sale, since no determination to the contrary had been made by the DOB or any reviewing tribunal.

Accordingly, the Supreme Court should have granted that branch of the appellants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against them, and denied the remaining branches as academic.

In light of our determination, we need not reach the parties' remaining contentions. Prudenti, P.J., Skelos, Dillon and Eng, JJ., concur.