■ COLGATE-PALMOLIVE COMPANY, Appellant, v. ERIE COUNTY et al., Respondents, and STATE OF NEW YORK, Intervenor-Respondent.— Order unanimously modified in accordance with the Memorandum and as so modified affirmed, with costs to defendants-respondents. Memorandum: In its complaint plaintiff sought a declaration as to whether Local Law No. 8 of the Local Laws of 1971 of the County of Erie regulating the sale of detergents containing phosphorous in Erie County, has been pre-empted by section 17 of the Environmental Conservation Law, and in passing on plaintiff's motion for summary judgment Special Term dealt only with that issue. The Procter and Gamble Company seeks, as *amicus curiae*, to introduce a new issue on this appeal, asserting that Local Law No. 8 was not a valid exercise of any power delegated to Erie County at the time of its adoption, by reason of the State's having fully occupied the field of water pollution control to the exclusion of local legislation. As pointed out in New York Jurisprudence (vol. 3, Amicus Curiae, § 3) an *amicus curiae* "is not a party, and cannot assume the functions of one; he must accept the case before the court with issues made by the parties, and may not control the litigation. Nor may he  *  *.  *  introduce any issues; only the issues raised by the parties may be considered." (See *Moffat Tunnel Improvement Dist.* v. *Denver & S.L. Ry. Co.*, 45 F. 2d 715.) None of the parties having sought a determination of the issue raised by the *amicus curiae* in its brief and Special Term having given no consideration to it, the issue is not properly before this court and we, therefore, do not pass upon it. We affirm Special Term's denial of plaintiff's motion for summary judgment. However, in an action for declaratory judgment, if the plaintiff is not entitled to relief, the court should retain jurisdiction and proceed to issue a declaration in favor of the party entitled thereto rather than dismiss the action (See *Lanza* v. *Wagner*, 11 N Y 2d 317; *Town of Pittsford* v. *Gallea*, 25 A D 2d 479, affd. 18 N Y 2d 920; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3001.18). ¶ The order should be modified so as to strike that part which granted partial summary judgment to defendant and to declare that section 2 (b) of Erie County Local Law No. 8 has not been rendered invalid and is not in violation of article IX (§ 2, subd. [c]) of the Constitution of the State of New York by reason of the subsequent enactment of section 17 of the Environmental Conservation Law, and as so modified, affirmed. (Appeal from order of Erie Special Term in action to enjoin enforcement of local law.) Present — Marsh, J. P., Witmer, Gabrielli, Cardamone and Henry, JJ. [68 Misc 2d 704.]