MARICULTURE LTD., Respondent, v JAMES L. BIGGANE, as Commissioner of the Department of Environmental Conservation of the State of New York, et al., Appellants.

Third Department, June 12, 1975

*Louis J. Lefkowitz, Attorney-General (Joseph J. Zedrosser, Samuel A. Hirshowitz* and *Philip Weinberg* of counsel), for appellants.

*Bond, Schoeneck & King (Michael P. Shanley* of counsel), for respondent.

*Patterson, Belknap & Webb (D. Robert Owen* and *Robert D. Sack* of counsel), for N.Y. Zoological Society, *amicus curiae.*

GREENBLOTT, J. Plaintiff raises marine turtles of the family Chelonijdae on its farm in the Cayman Islands, British West

Indies, and offers the shells and other parts for sale in this State. Section 358-a of the Agriculture and Markets Law provides that: "1. No part of the skin or body * * * of the following species of wild animals * * * may be sold or offered for sale * * * within the state of New York * * * marine turtles of the family Cheloniidae".

Plaintiff brought an action seeking a declaration that the statute does not apply, contending that since section 358-a expressly prohibits the sale of "wild animal" parts, the sale of turtles raised from eggs in the controlled environment of the Cayman Islands farm is not prohibited. Moreover, the plaintiff argues that the statute would be unconstitutional if interpreted to apply to farm-raised turtles since no rational State purpose would be furthered by such over-broad regulation.

The defendants and the New York Zoological Society *(amicus curiae)* respond that the phrase "wild animals" was not meant to exclude from regulation the sale of animals by their nature wild merely because raised in a man-controlled environment. Even though harvest of artificially-grown animals may not directly deplete the natural population, the defendants and the society assert that the plaintiff's marketing efforts tend to increase the demand for marine turtle products and thereby induce poaching. The fact that a good portion of the eggs used in plaintiff's operations is taken from the wild is offered as further cause for sustaining the applicability of section 358-a to plaintiff's activities.

Pending trial resolution of these conflicting claims, the trial court granted plaintiff's motion for a preliminary injunction restraining the defendants from enforcing the statute "insofar as it purports to prohibit plaintiff from marketing * * * products derived from [farm]-raised green sea turtles". Defendants now ask this court to vacate the order.

The trial court found that legal and factual questions necessitating a trial have been raised as to the applicability of section 358-a to plaintiff's business and that enforcement of the statute pending final judgment might do irreparable economic harm to plaintiff whereas plaintiff's continued operation for a short time would not endanger marine turtles other than those owned by plaintiff.

Defendants argue that the plaintiff has not demonstrated a strong probability of ultimate success in the main action *(Smith v Robilotto,* 25 AD2d 454), and in the absence of a showing of a "clear right to relief", a preliminary injunction is

inappropriate. *(People v Canal B. of State of N.Y.,* 55 NY 390; *Cox v Rogers,* 32 AD2d 871.)

In *People v Canal Board (supra),* the Court of Appeals stated at 394–395: "To entitle a plaintiff to prohibition, by injunction from a court of equity, either provisional or perpetual, he must * * * show a clear legal and equitable right to the relief demanded, or to some part of it, and to which the injunction is essential". "[T]his is especially so where it involves the enforcement of law" (28 NY Jur, Injunctions, § 111).

The trial court failed to adopt this standard and granted the injunction upon a finding that plaintiff's interpretation of section 358-a was "not unreasonable" and that therefore plaintiff had a "fair possibility of success". In our view the granting of the injunction to the plaintiff cannot be supported by the law and is in fact injurious to a legitimate public interest which the Legislature has seen fit to protect.

We are of the view that defendants' interpretation of the statute appears to be the more reasonable one, and we therefore agree with defendants that plaintiff has failed to demonstrate a likelihood of success. Furthermore, the threat of financial injury to plaintiff is not alone sufficient to warrant preliminary injunctive relief where the injury is measured against the threat of injury to a public interest which, though perhaps less amenable to quantitative measurement, has been determined by the Legislature to outweigh commercial interests (cf. *Colgate-Palmolive Co. v Erie County,* 68 Misc 2d 704, mod on other grounds 39 AD2d 641). In *Nettleton Co. v Diamond* (27 NY2d 182, 194, app dsmd *sub nom Reptile Prods. Assn. v Diamond,* 401 US 969 [1971]), the Court of Appeals declared, in upholding the constitutionality of section 358-a: "The protection of the animals listed in the Mason Act is necessary not only for their natural beauty and for the purpose of biological study, but for the key role that they play in the maintenance of the life cycle. Thus, the protection of these animals is essential for the welfare of our society".

While we are of the opinion that there is an unlikelihood that plaintiff will be able to show that its activities in New York State are not in violation of section 358-a, defendants are not entitled to a preliminary injunction against the plaintiff since they have a totally adequate remedy at law pursuant to the enforcement provisions of section 358-a and the penal sanctions set forth in section 41 of the Agriculture and Markets Law.

The order should be modified, on the law and the facts, by vacating the preliminary injunction, with costs to defendants, and, as so modified, should be affirmed.

REYNOLDS, J. (dissenting). Special Term acted upon permissible judicial discretion in granting plaintiff's application for a preliminary injunction on the facts of this case. I would affirm.

HERLIHY, P. J., MAIN and LARKIN, JJ., concur with GREENBLOTT, J.; REYNOLDS, J., dissents and votes to affirm in an opinion.

Order modified, on the law and the facts, by vacating the preliminary injunction, with costs to defendants, and, as so modified, affirmed.