■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DONALD J. LYNCH, Doing Business as DON J. LYNCH PACKINGHOUSE, Respondent.— Judgment unanimously reversed, on the law, and complaint reinstated. Memorandum: The State commenced an action pursuant to section 44 of the Agriculture and Markets Law, seeking the recovery of penalties assessed against defendant by the Commissioner of Agriculture and Markets (see Agriculture and Markets Law, § 39). The State also seeks permanently to enjoin defendant from engaging in the slaughterhouse business in violation of articles 5-A and 5-B of the Agriculture and Markets Law. The State moved for summary judgment. Before the decision was rendered on that motion, the parties were directed to select a jury. After a jury was impaneled and sworn, the trial court declared a mistrial on the ground that the motion for summary judgment remained undecided. That motion was subsequently denied and the case was again ordered to trial. The trial court to which the case was then assigned determined that continuation of this suit was barred by double jeopardy and dismissed "all charges" against defendant. The court erred not only in dismissing the State's cause of action for injunctive relief on double jeopardy grounds, but also in dismissing its action to recover penalties. Double jeopardy prohibits a second attempt to impose criminal liability *(Helvering v Mitchell,* 303 US 391, 399). Although the purpose of this action is to obtain a civil judgment against defendant, the issue presented is whether such an action results in criminal sanctions (see *Helvering v Mitchell, supra,* p 399). There are two remedies available for violation of the provisions of the Agriculture and Markets Law. One is a civil action to recover a penalty and the other is a criminal prosecution to

impose penal sanctions (Agriculture and Markets Law, § 41; see *Maricul-ture, Ltd. v Biggane,* 48 AD2d 295, 298). It is established that legislative enactments which impose both criminal and civil responsibility for the same conduct need not offend the constitutional prohibitions against double jeopardy *(Matter of Barnes v Tofany,* 27 NY2d 74, 78). The presence of two distinct remedies indicates that the Legislature intended the imposition of a civil sanction in an action commenced under section 44 *(People v Ryan,* 230 App Div 252, 258). The availability of a civil procedure for the enforcement of a violation indicates that the sanction which may be imposed is not intended to be punitive. It follows, therefore, that the defendant here is not to be accorded the full range of constitutional safeguards governing the trial of criminal prosecutions *(Helvering v Mitchell, supra;* see *People v Snyder,* 90 App Div 422). Section 39 of the Agriculture and Markets Law provides that the penalty for the first violation may not be less than $50 nor more than $200. For the second and each subsequent violation the amount of the penalty shall not exceed $400. The fact that this section calls for the payment of variable sums of money does not invalidate it as a remedial sanction enforceable by civil proceedings *(Helvering v Mitchell, supra,* p 400). Nor are the penalties prescribed so excessive or unreasonable as to constitute criminal sanctions (see *One Lot Emerald Cut Stones v United States,* 409 US 232). The purpose of this action is to indemnify the public for the injury suffered by virtue of the statutory violation, not to punish defendant (see *People v Briggs,* 114 NY 56). Accordingly, the sanction sought is remedial and the continuation of this lawsuit is not barred by double jeopardy. (Appeal from judgment of Erie Supreme Court dismissing action for recovery of a civil penalty.) Present—Marsh, P. J., Moule, Simons, Dillon and Goldman, JJ.