■ STATE OF NEW YORK, Appellant, v DAIRYLEA COOPERATIVE, INC., Respondent.—In an action to recover penalties for alleged violations of the Agriculture and Markets Law, the State of New York appeals (by permission) from so much of an order of the Supreme Court, Rockland County, dated June 27, 1977, as granted defendant's motion to strike the fifth paragraph of the complaint, and the exhibits thereto, as "prejudicial matter unnecessarily included". Order affirmed insofar as appealed from, with $50 costs and disbursements. It was not an improper exercise of discretion for Special Term to have granted defendant's motion to strike that paragraph of plaintiff's complaint which contained evidentiary matter prejudicial to the defendant. Gulotta, J. P., Cohalan and Margett, JJ., concur.

Shapiro, J., concurs in the result, with the following memorandum: This penalty action was brought pursuant to subdivision 1 of section 44 of the Agriculture and Markets Law, which provides that "Whenever the commissioner shall know or have reason to believe that any penalty has been incurred by any person for a violation of any * * * law the enforcement of which is within the jurisdiction of the department, or of the rules of the department * * * *the commissioner may report the facts to the attorney general* who may cause an action or proceeding to be brought * * * for the recovery of the same" (emphasis supplied). Paragraph FOURTH of the complaint properly and sufficiently recited the period and general nature of the alleged violation (distribution by defendant of its milk products "beyond its license authorization in nine counties in New York State"). This constituted a sufficient statement of plaintiff's cause of action. However, paragraph FIFTH (the subject matter of this appeal) unnecessarily and prejudicially recited the basis for the conclusion to institute suit. It did so by reference to detailed exhibits, including the "Memorandum, Findings of Fact, Summary, Conclusions and Determination" which followed the Department of Agriculture and Markets' administrative hearing. That document concluded that defendant had violated the Agriculture and Markets Law and made demand "for payment of a civil penalty in the amount of $100,000.00", failing payment of which "the case will be referred to the Attorney General for commencement of a civil action pursuant to Agriculture and Markets Law § [44]." That administrative determination, although it survived a CPLR article 78 attack *(Matter of Dairylea Coop. v Dyson,* 55 AD2d 413, mot for lv to app den 41 NY2d 803) was not self-enforcing (see Agriculture and Markets Law, § 39). It was based on a hearing conducted by the department where "the commissioner, or other officer conducting the same, shall not be bound by the technical rules of evidence" (Agriculture and Markets Law, § 34, subd 1). The fact that the administrative determination was confirmed by the courts meant no more than that the "substantial evidence" standard had been met (see CPLR 7803, subd 4). On the other hand, in this action to recover a statutory penalty the Attorney-General must prove his case by a fair preponderance of the credible evidence (see *People v Briggs,* 114 NY 56), to the satisfaction of the trier of the facts, which may be a jury (see CPLR 4101; see, also, *People v Lynch,* 52 AD2d 1066).