### (June 29, 1979)

 SOCIAL SPIRITS, INC., Respondent, v TOWN OF COLONIE, Appellant.— Appeal from an order of the Supreme Court at Special Term, entered April 23, 1979 in Albany County, which granted plaintiff's motion for a preliminary injunction. In June, 1978, plaintiff commenced operation of a tavern-restaurant business at 281 Sand Creek Road in the Town of Colonie, known as Little Horn II. That location had been the site of a neighborhood tavern for many years under prior owners. Little Horn II became an immediate success, and was soon frequented by large numbers of young people from Thursday through Sunday during the evening into the early morning hours. The parking area adjacent to the establishment was not sufficient to accommodate the cars of its patrons and many, therefore, parked their cars on Sand Creek Road and the neighborhood streets. Town officials soon began receiving complaints from neighboring homeowners concerning the behavior of the Little Horn patrons and their use of the neighborhood streets for parking. Town agencies conducted studies of the situation, and made recommendations to the town board. On September 7, 1978, the town board passed a "Resolution" prohibiting the parking of cars on certain portions of

designated side streets, and on Sand Creek Road within the immediate area of Little Horn II, between the hours of 11:00 P.M. and 6:00 A.M. This resolution also designated these no parking areas as "tow-away zones". Signs were erected and enforcement of the resolution commenced on September 14, 1978. Plaintiff attempted to alleviate the problem by leasing a vacant lot for parking purposes, but these efforts became futile when a required zoning variance was denied. On December 29, 1978, plaintiff commenced an action seeking a judgment declaring the resolution of the town board dated September 7, 1978 null, void, unconstitutional and ineffective, and that defendant, its officers, agents and employees be restrained and enjoined from enforcing the resolution. The complaint, in addition to other things, alleged that the resolution is illegal, invalid and inoperative as an ordinance of the defendant Town of Colonie in that it had never been published as required by the Town Law of the State of New York. Plaintiff also moved for a preliminary injunction to enjoin the enforcement of this resolution pending determination of the action. Special Term granted the motion for a preliminary injunction, and defendant now appeals from that order. Plaintiff, in addition to other arguments in support of the preliminary injunction, contends that it is entitled to a preliminary injunction on the ground that the "Resolution" was not properly promulgated as an ordinance in accordance with the Town Law of the State of New York. Section 1660 (subd [a], par 18) of the Vehicle and Traffic Law empowers a town board by ordinance, order, rule or regulation to "Prohibit, restrict or limit the stopping, standing or parking of vehicles" on highways within the town, but outside of villages in the town and subject to certain limitations as to State highways maintained by the State. Section 130 of the Town Law authorizes a town board, after a public hearing, to enact, amend and repeal ordinances, rules and regulations restricting the parking of all vehicles on streets or highways. This section requires the publication of a notice in a newspaper circulating in the town once, at least 10 days prior to the hearing, specifying the time and place of the hearing, and generally describing the proposed ordinance. Section 131 of the Town Law states that "A town ordinance includes also a rule or regulation of the town board, for the violation of which a penalty is imposed", and section 133 provides that an ordinance or amendment of an ordinance shall take effect 10 days after publication and posting in the manner specified in that section. The resolution establishing the no parking areas and tow-away zones herein, may not be treated as an ordinance, since it was not enacted as required by sections 130 and 133 of the Town Law. "The distinction between a resolution and an ordinance is that a *resolution* is an order of the council of a special and temporary character while an *ordinance* prescribes a permanent rule of government or conduct. (2 Dillon on Municipal Corporations [5th ed.], § 571.) It has also been said that an ordinance is a continuing regulation—a permanent rule of government, while a resolution is usually declared not to be the equivalent of an ordinance, but rather an act of a temporary character not prescribing a permanent rule of government, but is merely declaratory of the will of a corporation in a given matter and in the nature of a ministerial act." *(Matter of Collins v City of Schenectady,* 256 App Div 389, 392; emphasis added.) Thus, a town, pursuant to section 1660 (subd [a], par 18) of the Vehicle and Traffic Law, could, by resolution, restrict the parking of vehicles for a temporary period in special or emergency situations, but where a town intends to permanently restrict the parking of vehicles, section 130 of the Town Law, which provides for the method of procedure by the town board, constitutes a condition precedent, and an

ordinance or resolution not adopted in compliance therewith, has no force or effect *(Matter of Collins v City of Schenectady, supra)*. Under the circumstances, plaintiff has sufficiently established a likelihood of ultimate success on the merits, and should not be required to suffer further economic damage during the pendency of an action in which it appears that it will be ultimately successful as a matter of law. The order of Special Term should, therefore, be affirmed. Order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.