LONG ISLAND OIL TERMINALS ASSOCIATION, INC., Appellant, v
COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF
TRANSPORTATION et al., Respondents.

Third Department, October 25, 1979

### APPEARANCES OF COUNSEL

*Blau & Damadeo (Nicholas -J. Damadeo* of counsel), for appellant.

*Robert Abrams, Attorney-General (Joseph J. Zedrosser* of counsel), for respondents.

### OPINION OF THE COURT

STALEY, JR., J.

This is an action for a declaratory judgment that article 12 of the New York Navigation Law is unconstitutional, and to enjoin the enforcement of the provisions of article 12 (Navigation Law, §§ 170-194).

Appellant is a trade association whose members own and operate oil storage terminals on Long Island. The oil storage terminals owned and operated by appellant's members are "major facilities" as defined in subdivision 11 of section 172 of the Navigation Law. The members import oil in interstate and foreign commerce, which oil is imported solely by means of "vessels" as defined in subdivision 17 of section 172 of the Navigation Law. Appellant's members are prohibited from operating their oil storage terminals without a license. Respondents are the various State departments charged with enforcement of the article.

Article 12 of the Navigation Law was enacted by chapter 845 of the Laws of 1977, effective April 1, 1978, known as the Oil Spill Prevention, Control and Compensation Act.

The purposes of the article, as set forth in section 171 of the Navigation Law, are as follows: "It is the purpose of this

article to ensure a clean environment and healthy economy for the state by preventing the unregulated discharge of petroleum which may result in damage to lands, waters or natural resources of the state by authorizing the department of transportation and the department of environmental conservation to respond quickly to such discharges and effect prompt cleanup and removal of such discharges, giving first priority to minimizing environmental damage, and by providing for liability for damage sustained within the state as a result of such discharges."

The article requires each operator of a major facility to obtain a license from the Commissioner of the Department of Transportation (Navigation Law, § 174, subds 1, 2, 3), and pay a license fee of 1 cent per barrel transferred until the balance in the New York Environmental and Spill Compensation Fund equals or exceeds 25 million dollars (Navigation Law, § 174, subd 4). The fund provides a source of payment for expenses incurred by the State for cleanup and removal of petroleum and property damage caused by oil discharges (Navigation Law, § 176). An operator of a major facility is required to reimburse the fund for all moneys expended as a result of oil discharges for which the operator was responsible (Navigation Law, § 187).

Appellant contends that the article is unconstitutional since it is in violation of the import-export clause, the commerce clause, the equal protection clause and the due process clause of the United States Constitution. In addition, appellant seeks an injunction against the enforcement of the article.

A motion for a preliminary injunction is addressed to the discretion of the trial court, and the decision of the trial court on such a motion will not be disturbed on appeal, unless there is a showing of abuse of discretion, and an order denying a motion for a preliminary injunction will be reversed only in an exceptional case *(Horsfall v Schuler,* 217 App Div 146).

One seeking a preliminary injunction has the heavy burden of showing that he has a clear right to ultimate victory on the merits, and that he will suffer immediate and irreparable harm if the preliminary injunction is denied *(Mariculture, Ltd. v Biggane,* 48 AD2d 295; *Western N. Y. Motor Lines v Rochester-Genesee Regional Transp. Auth.,* 72 Misc 2d 712).

A strong presumption of validity attaches to legislative

enactments and a party who is attacking the constitutionality of a statute bears the heavy burden of establishing unconstitutionality beyond a reasonable doubt *(Nettleton Co. v Diamond, 27 NY2d 182, app dsmd sub nom. Reptile Prods. Assn. v Diamond, 401 US 969).*

█ Special Term held that appellant failed to meet its burden that it had a clear right to ultimate victory on the merits, and, therefore, denied the motion for a preliminary injunction. We agree.

Appellant contends that the license fee imposed by section 174 of the Navigation Law is an impost and duty on imports and, thus, violates clause 2 of section 10 of article I of the United States Constitution.

In *Washington Revenue Dept. v Stevedoring Assn.* (435 US 734), the court held that a statute of the State of Washington which imposed a 1% business and occupation tax on services performed by the stevedoring business did not constitute an impost or duty prohibited by the Constitution.

The court characterized the Washington tax as follows (435 US 734, 755): "[T]he tax does not fall on the goods themselves. The levy reaches only the business of loading and unloading ships or, in other words, the business of transporting cargo within the State of Washington."

Similarly, the license fee involved here is imposed on the transfer of petroleum and not on the petroleum itself. The fee is unrelated to the value of the petroleum, as was the tax in the *Washington Revenue Dept.* case.

Appellant further contends that the license fee discriminates against interstate commerce. The license fee is not imposed only on those New York transfers where petroleum enters the State. Rather, the statute focuses on New York major facility transfers without reference to where the petroleum was produced.

In *Portland Pipe Line Corp. v Environmental Improvement Comm.* (307 A2d 1 [Me], app dsmd 414 US 1035), a statute of the State of Maine, similar in a number of respects to article 12 of the New York State Navigation Law, was held to be constitutional against a claim that it violated the commerce clause. Under the Maine law, oil terminal facilities were subject to a license fee of ½ cent per barrel of petroleum transferred (1969 Public Laws of Maine, ch 572, § 1, as amd by 38 Maine Rev Stat, § 551, subd 4, par A). The license fees

supported a fund which was to be used for purposes similar to those of the New York fund.

The court found that the plaintiffs provided no factual basis for the claim that the fees were excessive in relation to the services provided by the State. The court viewed the services in the context of protecting the State and its residents from danger of oil spills, not merely in the context of providing services directly to the fee payer. The court observed that the services, indeed, were in the best interests of the oil terminal operator.

Based upon the holdings in the *Washington Revenue Dept.* and *Portland Pipe Line* cases *(supra),* appellant has failed to establish a clear right to ultimate success or that article 12 is unconstitutional beyond a reasonable doubt.

The order denying the motion for a preliminary injunction *pendente lite* should be affirmed.

The order should be affirmed, without costs.

GREENBLOTT, J. P., MAIN, MIKOLL and HERLIHY, JJ., concur.

Order affirmed, without costs.