■ DELAWARE COUNTY BOARD OF SUPERVISORS, Respondent, v NEW YORK STATE DEPARTMENT OF HEALTH, Appellant. — Appeal from an order of the Supreme Court at Special Term, entered January 2, 1980 in Delaware County, which, *inter alia,* denied defendant's motion to dismiss the complaint and granted plaintiff's motion for a preliminary injunction. After a foreclosure sale for nonpayment of taxes, the County of Delaware, by tax sale deed

dated December 7, 1977, took title to the real property and franchise of the Sidney Center Water Company, a privately owned water system in the Town of Sidney, Delaware County. While it appears that no water treatment has taken place since 1974, at least 15 to 20 resident families continue to obtain water from this system. In April, 1978, the State Department of Health inspected the system and found six violations of the New York State Sanitary Code (10 NYCRR Part 5). Thereafter, plaintiff was summoned to appear at a hearing in March, 1979. In response, plaintiff obtained an order to show cause containing a temporary restraining provision prohibiting defendant from holding a hearing or imposing any sanction. Plaintiff also moved for a preliminary injunction and sought a declaratory judgment to the effect that the State Sanitary Code did not apply to the county in this instance. Defendant moved, pursuant to CPLR 103 (subd [c]), for an order converting plaintiff's action to a proceeding under CPLR article 78 and for an order dismissing the converted petition. Special Term denied defendant's motion to dismiss, granted the preliminary injunction and allowed defendant 20 days to answer. That court held that since plaintiff faced criminal and monetary penalties and had raised statutory and constitutional construction and application questions, plaintiff had standing to seek declaratory relief. This appeal ensued. At issue is whether Special Term erred in granting plaintiff's motion for a preliminary injunction and whether the declaratory judgment action is a proper remedy. Pursuant to CPLR 3001, an action for a declaratory judgment may appropriately be brought where, as here, a justiciable controversy exists involving the application of a statute or regulation to an undisputed set of facts (*New York Foreign Trade Zone Operators v State Liq. Auth.,* 285 NY 272; *Dun & Bradstreet v City of New York,* 276 NY 198), or to determine the constitutionality of such application (*Aerated Prods. Co. of Buffalo v Godfrey,* 263 App Div 685, 687, revd on other grounds 290 NY 92). Such a declaratory judgment action lies against an administrative agency (*Town of Ohio v People,* 264 App Div 220). However, the court was also empowered to convert the complaint into a petition to review an administrative determination pursuant to CPLR article 78 (CPLR 103, subd [c]; *Verbanic v Nyquist,* 41 AD2d 466). By failing to effect such conversion, Special Term, in effect, precluded review of defendant's attempts to secure a fact-finding hearing upon the alleged violations of the State Sanitary Code, and the resolution of the issue of whether plaintiff is in fact operating a water company. Accordingly, we reverse so much of the order appealed from as denied defendant's motion to convert the action to a proceeding under CPLR article 78, and grant the motion. In addition, Special Term should not have granted plaintiff a preliminary injunction. A preliminary injunction prohibiting enforcement of a statute by a government agency may issue where the plaintiff establishes a likelihood of success on the merits, as well as the threat of injury in the absence of injunction (CPLR 6301; *Social Spirits v Town of Colonie,* 70 AD2d 1036; *Mariculture Ltd. v Biggane,* 48 AD2d 295). Plaintiff has correctly argued that before a county is authorized to operate a public water supply system, there must be compliance with the pertinent statutory and constitutional requirements (see, e.g., County Law, § 250; Public Service Law, § 89-h; Environmental Conservation Law, § 15-1501; see, also, NY Const, art VIII, §§ 1, 2). The argument, however, is not persuasive as to liability of the county. Lack of authorization does not diminish responsibility for violations of the State Sanitary Code. To hold otherwise would allow evasion of the code simply upon transfer to an unauthorized party. Clearly, the provisions of the code do apply to a county-owned system, regardless of actual operation. A "supplier of water" is defined as "any person who *owns or operates* a public water system" (10 NYCRR 5-1.1 [aa]) (emphasis added). A county is a "municipality" and thus a "person" within the regulatory scheme of the code (10 NYCRR 1.1 [b], 5-1.1 [q]). Consequently, plaintiff has not established a

likelihood of success of its action on the merits. In addition, the substantial public interest in protecting against potential health hazards outweighs any possible sanction (see *Mariculture Ltd. v Biggane,* 48 AD2d 295, 298 *supra).* While we should not lightly review Special Term's determination granting a preliminary injunction *(R & J Bottling Co. v Rosenthal,* 40 AD2d 911; 7A Weinstein-Korn-Miller, NY Civ Prac, par 6301.13), in our view the granting of such relief herein cannot be supported by the law, and is in fact injurious to a legitimate public interest in safeguarding the public health (cf. *People v Canal Bd. of State of N.Y.,* 55 NY 390, 394-395). Order modified, on the law and the facts, by reversing so much thereof as granted plaintiff's motion for a preliminary injunction and denied defendant's motion to convert the action to a proceeding pursuant to CPLR article 78; plaintiff's motion denied and defendant's motion granted, and, as so modified, affirmed, without costs. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.