OPINION OF THE COURT
Herbert Kramer, J.
The question before the court is whether the New York City Department of Consumer Affairs may properly promulgate and enforce a regulation (with accompanying civil penalties) prohibiting the retail sale of gasoline at rates exceeding the maximum prices established by the United States Department of Energy, pursuant to the Emergency Petroleum Allocation Act (US Code, tit 15, § 751 et seq.).
Defendants challenge the validity of the local statute, arguing that it is pre-empted by the very Federal legislation after which it is styled, by virtue of the supremacy clause of the United States Constitution.
BACKGROUND
To understand the pre-emption argument and the reason for the court’s rejection of it, a brief history of the statutes in question is helpful.
*1013 In 1973, Congress enacted the Emergency Petroleum Allocation Act (EPAA), a comprehensive and detailed regulatory program setting forth allocation standards and price controls for petroleum products in an effort to cope with the energy crisis then confronting the Nation.
Following the Congressional lead the New York City Department of Consumer Affairs, pursuant to its general rule-making authority (see NY Const, art IX; Municipal Home Rule Law, § 10), promulgated Consumer Protection Law Regulation 20[1] which simply adopts the Federal price ceiling regulations and subjects local law violators within its jurisdiction to a civil penalty, in addition to any Federal sanctions imposed. It is for the recovery of this civil penalty that the parties are before this court.[2]
THE PRE-EMPTION DOCTRINE
The pre-emption doctrine can operate in one of two ways to invalidate State legislation regarding subject matters upon which Congress has already acted.
First, Congress may choose to totally occupy the field, even to the exclusion of State legislation harmonious with the Federal scheme. (Jones v Rath Packing Co., 430 US 519, 525.) Congressional intent to so pre-empt the area of regulation may be “explicitly stated in the [Federal] statute’s language or implicitly contained in its structure and purpose.” (Jones v Rath Packing Co., 430 US, at p 525.)
If Congressional intent to totally occupy the field is not expressly stated, an implied intent may be found under several circumstances explained by the Supreme Court in Rice v Santa Fe Elevator Corp. (331 US 218,230) as follows: “The scheme of federal regulation may be so pervasive as to make reasonable the inference that Congress left no *1014 room for the States to supplement it * * * Or the Act of Congress may touch a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject * * * Likewise, the object sought to be obtained by the federal law and the character of obligations imposed by it may reveal the same purpose.”
The Supreme Court later cautioned, however, that the mere fact that a Federal regulatory scheme is detailed and complex does not necessarily imply Congressional intent to preclude State regulation in the area. (New York Dept, of Social Servs. v Dublino, 413 US 405, 415.)
Second, State or local laws may be pre-empted by Federal legislation where, although Congress does not assert exclusivity regarding an area, the State or local law conflicts with a valid Federal statute. (Ray v Atlantic Richfield Co., 435 US 151, 158.) This conflict may manifest itself “where compliance with both federal and state regulations is a physical impossibility” (Florida Avocado Growers v Paul, 373 US 132,142-143), or where the State “law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.” (Hines v Davidowitz, 312 US 52, 67; Jones v Rath Packing Co., 430 US 519, 526, supra.)
It should also be noted that the absence of Federal regulation on a subject is not always an indication that Congress would welcome State regulation. On the contrary, inquiry may reveal a studied Congressional decision that deregulation best achieves Federal objectives. (Ray v Atlantic Richfield Co., 435 US 151, 174, supra.)
Before turning to the specific legislation at hand, we note preliminarily that Federal law enacted pursuant to the commerce clause (US Const, art I, § 8, cl 3) does not enjoy automatic pre-emptive status. (Cooley v Board of. Wardens of Port of Philadelphia, 12 How [53 US] 299.)
The Federal legislation involved herein by its terms preempts any provision for the allocation of refined petroleum and other products on a State or local level if such provision conflicts with the Federal legislation, or regulations or orders implemented thereunder. (US Code, tit 15, § 755.)
*1015 There is no contention here, nor can there be, that an actual conflict exists such that compliance with both statutes is physically impossible.
Furthermore, given the express language of the Federal statute allowing for consistent State legislation, a Congressional intent to exclusively occupy the field cannot be inferred.
Therefore, all that remains to be determined, given the forms of Federal pre-emption discussed above, is whether Consumer Protection Law Regulation 20, although consistent on its face with the Federal scheme, somehow thwarts its full objectives or the implementation thereof. (Jones v Rath Packing Co., 430 US, at pp 540-541.)[3] We turn now to that question.
The regional counsel of the United States Department of Energy has submitted an affidavit in opposition to the instant motion to dismiss. He states that the participation of the New York City Department of Consumer Affairs “was developed and enacted with wholehearted support of the United States Department of Energy, in accordance with the latter’s mandate to cooperate with state and local governments in the development and implementation of energy policies and programs. Far from conflicting with federal law and regulation, Department of Consumer Affairs regulation and enforcement were invaluable to the D.O.E. effort to safeguard consumers from exploitation during the gasoline crisis commencing in 1979.” Although not dispositive of the issue, “[t]he interpretation of the agency charged with administration of the statute is, of course, entitled to substantial deference.” (Quern v Mandley, 436 US 725, 738.)
Though defendants have not offered any proof of conflict, the court can postulate a resulting increased enforcement level in New York City pursuant to the local law, which would divert supplies out of this area in contravention to the Federal scheme. Upon proof of that event, regulation *1016 20 would have to fall. However, as this result is based purely on the court’s analysis, it does not, without proof, suffice to sustain the motion. This court agrees with the ultimate result in Matter of State of New York v Strong Oil Co. (105 Misc 2d 803), but most respectfully disagrees with so much of the court’s opinion as finds that Congress intended to occupy the field, for the reasons fully discussed in the foregoing analysis.
In conclusion, the court holds that the defendants have not established that this is a proper case for application of the pre-emption doctrine; this action is not jurisdictionally defective as an attempt to recover a Federal penalty outside the Federal courts; and this action is not barred by principles of double jeopardy.
Motion denied.

. Consumer Protection Law Regulation 20 declares the sale of gasoline at a rate in excess of that permitted by the United States Department of Energy price ceiling regulations promulgated pursuant to the EPAA to be a deceptive and unconscionable practice prohibited by section 2203d-1.0 of the Administrative Code of the City of New York.

. As the court finds the local statute to be (1) validly enacted, (2) separate and distinct from its Federal counterpart, and (3) carrying independent sanctions, it rejects defendants’ argument that plaintiff is seeking to recover a Federal penalty here in violation of section 1355 of title 28 of the United States Code. Nor do we find any merit to defendants’ argument that plaintiff’s action is barred on double jeopardy grounds. (See People v Lynch, 52 AD2d 1066.)

. The Supreme Court has also stated that where a State law is challenged on preemption grounds, notwithstanding express language within the Federal act which permits consistent State regulation, the court must still determine whether that law “ ‘stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.’ ” (Jones v Rath Packing Co., 430 US 519, 526.)