■ In the Matter of PAUL D. ARNOLD, Respondent, v OFFICE OF PROFESSIONAL DISCIPLINE OF THE NEW YORK STATE EDUCATION DEPARTMENT, STATE BOARD OF DENTISTRY, Appellant. — Appeal, by permission, from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered August 17, 1983 in Schoharie County, which, in a proceeding pursuant to CPLR article 78, denied respondent's motion to dismiss the petition, directed that an answer be filed and granted petitioner a temporary stay of the disciplinary proceeding commenced against him. ¶ On March 15, 1982, representatives of respondent Office of Professional Discipline of the New York State Education Department and petitioner, a dentist, met to discuss complaints of alleged professional misconduct leveled against petitioner. Thereafter, on June 21, 1982, respondent wrote petitioner advising him that the investigation had not developed sufficient evidence to support taking disciplinary action and that the file on the matter was therefore being closed. In December, 1982, petitioner was served with a notice that professional misconduct charges were pending against him and that a hearing before a panel consisting of members of the State Board of Dentistry was to be conducted on January 5, 1983, pursuant to subdivision 3 of section 6510 of the Education Law. Believing that the charges to be presented were the same as those that had previously been dismissed and that respondent was therefore barred by section 6510 (subd 1, par b) of the Education Law from going forward with the hearing, petitioner commenced this CPLR article 78 proceeding seeking dismissal of the disciplinary proceeding and a temporary stay pending that determination. Respondent then moved to dismiss the petition. When its motion was denied and the temporary stay petitioner sought was granted, this appeal followed. ¶ We reverse. Procedurally, a stay is inappropriate for petitioner has failed to show either a likelihood of ultimate success on the merits or irreparable injury, the two prerequisites necessary for the granting of injunctive relief (*Delaware County Bd. of Supervisors v New York State Dept. of Health,* 81 AD2d 968). Substantively, the petition is deficient in that it does not allege either a lack of jurisdiction or power on the part of respondent to conduct a hearing, circumstances which energize the extraordinary remedy of prohibition (*Matter of Forte v Supreme Ct.,* 48 NY2d 179, 183). Rather, petitioner argues that, pursuant to section 6510 (subd 1, par b) of the Education Law, the June 21, 1982 letter precludes respondent from

proceeding. That argument may and can be asserted by petitioner in the administrative proceeding. In this regard, we note that although the point is not fully developed, the record suggests that the earlier charges which were dropped differ from those currently pending before the hearing panel. Since an adequate remedy at law is available, prohibition does not lie (*La Rocca v Lane,* 37 NY2d 575, 579, cert den 424 US 968). ¶ Order reversed, on the law, and petition dismissed, without costs. Kane, J. P., Main, Yesawich, Jr., Weiss and Harvey, JJ., concur.