■ In the Matter of PAUL D. ARNOLD, Petitioner, v NEW YORK STATE DEPARTMENT OF EDUCATION et al., Respondents.— Kane, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510 [5]) to review a

determination of the Commissioner of Education which revoked petitioner's license to practice dentistry.

In December 1982, petitioner, a dentist, was served with a notice that professional misconduct charges were pending against him and that a hearing before a panel consisting of members of the State Board of Dentistry was to be held in January 1983 *(see, Matter of Arnold v Office of Professional Discipline of N. Y. State Educ. Dept.,* 100 AD2d 665). The first through third charges alleged that petitioner committed unprofessional conduct by employing dental assistants who were unlicensed and who were delegated and performed professional responsibilities which they were not qualified to perform *(see,* Education Law § 6509 [9]; 8 NYCRR 29.1 [b] [10]). Based on the above three charges, petitioner was charged in a fourth specification with permitting unlicensed persons to perform activities requiring a license within the purview of Education Law § 6509 (7).

After an initial hearing in January 1983, petitioner, alleging that the charges were the same as those that had previously been dismissed by a letter dated June 21, 1982, commenced a CPLR article 78 proceeding seeking dismissal of the disciplinary proceeding and a temporary stay pending that determination. Special Term granted the temporary stay and, on appeal, this court reversed *(Matter of Arnold v Office of Professional Discipline of N. Y. State Educ. Dept., supra).* In reversing, we noted that petitioner's argument "may and can be asserted by petitioner in the administrative proceeding" *(id.,* at 666).

Subsequently, the continued hearing was scheduled for October 4, 1984. Upon receipt of the notice of hearing, petitioner's attorney notified respondents that "[petitioner] has chosen not to appear at the October 4, 1984 hearing, and as we have no evidence to present in this case, you may present the matter to the Board [of Dentistry] for decision". In due course, the hearing panel issued its report finding petitioner guilty of the first, third and fourth specifications. The panel recommended that petitioner's license be revoked and that he be fined $3,000. The Regents Review Committee modified the hearing panel's findings of fact by holding that certain findings were unnecessary to the determination. However, the Regents Review Committee recommended that petitioner be found guilty of the first, third and fourth specifications. They further recommended that petitioner's license be revoked and that he be fined $3,000. After the Board of Regents approved this recommendation, the Commissioner of Education issued

an order revoking petitioner's license and fining him $3,000. This order dated April 1, 1986 was mailed to petitioner on April 18, 1986.

By notice of motion dated August 11, 1986, petitioner commenced the instant proceeding in Supreme Court, Albany County. Respondents promptly moved to dismiss the petition upon the ground that Supreme Court had no jurisdiction since Education Law § 6510 (5) requires that a proceeding such as this be commenced in this court. Apparently realizing his error, petitioner filed a notice of petition and petition in this court on September 4, 1986, after the four-month Statute of Limitations had run. Respondents, accordingly, now contend that the proceeding should be dismissed as untimely.

We, however, exercise our inherent power, and treating petitioner's notice of motion in this court as a motion to transfer the proceeding from Supreme Court, grant the motion and transfer the proceeding commenced in Supreme Court to this court (see, CPLR 325 [a]; Dunham v Dunham, 40 AD2d 912). Since the proceeding was commenced in a timely manner before Supreme Court, the proceeding is not time barred (cf., CPLR 205; McLaughlin, Practice Commentaries, McKinney's Cons Law of NY, Book 7B, CPLR C205:3, at 196; McLaughlin, 1986 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C205:5 [1987 supp], at 116-117).

Turning to the merits, we reject petitioner's contentions. First, petitioner has wholly failed to demonstrate that the earlier charges that had been dropped were the same charges that were the subject of this disciplinary proceeding. Rather, the record indicates that the instant charges, arising from complaints by Drs. Ruxin and Caruso, differ from the charges which were the subject of the June 21, 1982 letter. Finally, the penalty imposed is not shocking to one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222) and, accordingly, should not be disturbed. We note that petitioner does not dispute his actual guilt of the charged violations and respondents did not exceed their discretionary authority in taking a serious view of petitioner's misconduct. The determination should be confirmed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.