(January 17, 1991)

■ PATRICK G. HALPIN et al., Appellants, v SUFFOLK COUNTY LEGISLATURE et al., Respondents, and JAMES M. CATTERSON, JR., et al., Intervenors-Respondents.—In an action for a judgment declaring, inter alia, that the override by the Suffolk County Legislature on November 26, 1990, of the veto by the Suffolk County Executive of certain line items in the 1991 budget for Suffolk County is of no force and effect, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Goodman, J.), dated January 7, 1991, which denied their application for a preliminary injunction barring, inter alia, the discharge of 63 county employees.

Ordered that the order is affirmed, without costs or disbursements.

It is well established that in order to qualify for a preliminary injunction, an applicant must establish a probability of success on the merits, danger of irreparable injury if the preliminary injunction is not granted, and a balance of the equities in his favor (Aetna Ins. Co. v Capasso, 75 NY2d 860).

Upon an examination of the record, and following oral argument, we conclude that the Supreme Court did not im-

providently exercise its discretion in denying the plaintiffs' application for a preliminary injunction *(see, Town of Esopus v Fausto Simoes & Assocs.,* 145 AD2d 840, 841; *Long Is. Oil Terms. Assn. v Commissioner of N. Y. State Dept. of Transp.,* 70 AD2d 303, 305). Mangano, P. J., Thompson, Brown, Kunzeman and Sullivan, JJ., concur.