■ AA&M CARTING SERVICE et al., Respondents-Appellants, v TOWN OF HEMPSTEAD et al., Appellants-Respondents. (Action No. 1.) AA&M CARTING SERVICE et al., Respondents-Appellants, v TOWN OF HEMPSTEAD et al., Appellants-Respondents. (Action No. 2.)—In two related actions, *inter alia,* challenging fees charged to the plaintiffs who are engaged in collecting solid waste refuse in the Town of Hempstead, the defendants in both actions appeal from so much of an order of the Supreme Court, Nassau County (Brucia, J.), entered April 26, 1990, as denied those branches of the motions which were to dismiss the plaintiffs' complaints in their entireties in both actions based upon the plaintiffs' failure to serve a notice of claim and failure to join a necessary party, and denied those branches of the motions which were to dismiss the causes of action alleging violations of the Equal Protection Clause, and the plaintiffs cross-appeal, as limited by their notice of appeal and brief, from so much of the same order as granted those branches of the motions which were to dismiss their causes of action asserting violations of their due process rights.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the provisions thereof which denied those branches of the defendants' motions which were to dismiss the plaintiffs' causes of action alleging violations of the Equal Protection Clause are deleted, and provisions are substituted therefor granting those branches of the motion, and dismissing the complaints in their entireties; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from, without costs or disbursements; and it is further,

Ordered that the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate amended order and judgment declaring the challenged disposal fees valid and constitutional.

The plaintiffs contend that on the five occasions between March 1984 and August 1988 when the Town of Hempstead raised the "tipping fees" to be paid for the disposal at municipal facilities of commercial solid waste but not of household or municipal solid waste, it violated their rights to equal protection of the law, as well as their rights to due process of law, because the increases were enacted by simple resolutions, without formal notice or a hearing. The plaintiffs' contentions are without merit.

Generally, purely economic regulations will be sustained

unless they are patently arbitrary, and lacking any rational relationship to a conceivable and legitimate governmental interest *(United States R. R. Retirement Bd. v Fritz,* 449 US 166, 175-177; *New Orleans v Dukes,* 427 US 297, 303-304). Thus, to survive judicial scrutiny, the instant economic classification need only be rationally related to a legitimate State interest, "the most relaxed and tolerant form of scrutiny under the Equal Protection Clause" *(Dallas v Stanglin,* 490 US 19, 26; *Clark v Jeter,* 486 US 456, 461; *Cleburne v Cleburne Living Center,* 473 US 432, 439-441). The persons challenging the legislative enactment bear a very heavy burden of demonstrating that the classification is irrational *(41 Kew Gardens Rd. Assocs. v Tyburski,* 70 NY2d 325, 335; *New York State Socy. of Enrolled Agents v New York State Div. of Tax Appeals,* 161 AD2d 1, 8). Indeed, to overcome the presumption of constitutionality of a legislative enactment, the party challenging it must demonstrate beyond a reasonable doubt that "the legislative facts on which the classification is apparently based could not reasonably be conceived to be true by the governmental decisionmaker" *(New York State Club Assn. v New York City,* 487 US 1, 17, *affg* 69 NY2d 211). Thus, it has been held that the rationality of a statute "can be justified by any reasonable known or conceivable state of facts" *(Matter of Davis,* 57 NY2d 382, 389).

The same deferential presumptions and standards apply to "resolutions" as to more formal legislative enactments such as statutes, and resolutions concerning economic matters expressly have been found to be entitled to a presumption of constitutionality and to review under the "rational basis" standard *(e.g., Lambert Railing Co. v County of Suffolk,* 80 AD2d 42, *affd* 56 NY2d 516).

The defendants at bar have proffered two rational bases for the disparate classification which furthered two legitimate interests of the Town of Hempstead, and to these the Supreme Court added a third. Firstly, carters of commercial waste have a greater ability to pay because they can pass along higher rates to their customers, who are in turn profit-making enterprises, able to pass those costs on to their *own* customers *(see, Elmwood-Utica Houses v Buffalo Sewer Auth.,* 65 NY2d 489; *Carey Transp. v Triborough Bridge & Tunnel Auth.,* 38 NY2d 545, *cert denied* 429 US 830). Secondly, the Town of Hempstead is entitled to eliminate the economic incentive for commercial carters to unlawfully deposit out-of-town garbage at its facilities. Thirdly, since the Town picks up and disposes of waste generated by commercial establishments up to a

certain limit, the higher prices charged by the carters serve to encourage commercial establishments to keep their waste streams below the Town's set limits, "thereby reaping the financial benefit of reduced tipping expenses. Those that cannot, or will not, are presumed better able to bear the cost of private carting with its higher tipping fees."

We find the foregoing to be legitimate governmental concerns. The resolutions challenged in the instant actions are rationally related to those concerns.

In addition, the procedures used in enacting the resolutions at issue did not violate the plaintiffs' due process rights, whether constitutional or statutory. Constitutional due process is triggered when "a legislative act * * * operate[s] on rights already acquired * * * without legal opportunity to defend" (McGhee, Due Process of Law Under the Federal Constitution, at 50 [Thompson Co. 1906]; *cf., Fuentes v Shevin,* 407 US 67; *Goldberg v Kelly,* 397 US 254). The resolution in issue did not deprive the plaintiff carters of any right or property interest, so that they had no constitutional due process right to notice and a hearing prior to the enactment of those resolutions.

The plaintiffs are accorded no greater due process rights under Municipal Home Rule Law § 20, Town Law § 130, or Hempstead Town Code § 128. As the Supreme Court found, both the wording of those provisions and the way in which they were implemented for decades support the proposition that the Town Board had the authority to establish fees *(see, e.g.,* 1981 Opns St Comp No. 81-51, at 58; 1961 Opns St Comp No. 61-491, at 254; *see also,* 1966 Opns St Comp No. 66-198, at 161; 1972 Opns St Comp No. 72-894). Traditionally, the setting of fees was a mere "administrative detail," which could be accomplished by a simple "resolution," without notice or a hearing *(see, Social Spirits v Town of Colonie,* 70 AD2d 1036, 1037). Therefore, the setting or altering of fees did not constitute the "enactment" or "amendment" of an "ordinance, rule or regulation", so that no notice or hearing were required under Town Law § 130.

The plaintiffs argue on appeal that in charging them higher fees, the Town has "amended" its ordinance by altering its fee-charging criteria from the original criteria of "weight, volume, quantity or character of refuse", to a new standard contingent upon "commercial status". This theory was not articulated before the Supreme Court, with the result that the defendants had no opportunity to counter it, nor did the Supreme Court rule on it. Consequently, we do not consider it

on this appeal *(see, Matter of Schwartz v Cuomo,* 111 AD2d 759; *Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757).

In view of the foregoing, we decline to address the remaining issues raised. Mangano, P. J., Miller, O'Brien and Santucci, JJ., concur.