■ TWIN LAKES DEVELOPMENT CORP., Appellant, v TOWN OF MONROE, Respondent. [752 NYS2d 546] —In an action, inter alia, for a judgment declaring that Local Law 2000, No. 3, and Lo-

cal Law 1991, No. 7, of the Town of Monroe are illegal and unconstitutional, the plaintiff appeals from an order of the Supreme Court, Orange County (McGuirk, J.), dated December 12, 2001, which granted the defendant's motion for summary judgment dismissing the complaint and denied its cross motion for summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment declaring that Local Law 2000, No. 3, and Local Law 1991, No. 7, of the Town of Monroe are legal and constitutional.

The plaintiff, a real estate developer, applied to the Planning Board of the Town of Monroe (hereinafter the Planning Board) for approval of a subdivision of its property into 22 residential lots. The plaintiff commenced this action claiming that Local Law 2000, No. 3, of the Town of Monroe (hereinafter Local Law No. 3) and Local Law 1991, No. 7, of the Town of Monroe (hereinafter Local Law No. 7) were illegal and unconstitutional.

Local Law No. 3 provides that should the Planning Board require a subdivision applicant to dedicate parkland on its property pursuant to Town Law § 277, and further determine that the applicant should pay a fee in lieu of dedication of parkland, the amount of such fee would be $1,500 per lot. The plaintiff claimed that the "per lot" fee constituted a wrongful taking without just compensation in violation of the Fifth Amendment to the Constitution. However, the plaintiff failed to prove beyond a reasonable doubt that the law was unconstitutional (see Briarcliff Assoc. v Town of Cortlandt, 272 AD2d 488). The plaintiff failed to prove that Local Law No. 3 did not substantially advance legitimate state interests, or deny it economically viable use of its property (see Manocherian v Lenox Hill Hosp., 84 NY2d 385, cert denied 514 US 1109; Matter of Bayswater Realty & Capital Corp. v Planning Bd. of Town of Lewisboro, 76 NY2d 460). There exists a nexus between the legitimate state interest of present and anticipated recreation requirements of the Town and the condition imposed of paying a fee in lieu of the dedication of parkland to be used for the purchase and development of permanent park and playground sites within the Town (see Matter of Bayswater Realty & Capital Corp. v Planning Bd. of Town of Lewisboro, supra). Furthermore, the plaintiff did not set forth any evidence that the fee exceeds an amount roughly proportionate to the needs it is supposed to serve (see Dolan v City of Tigard, 512 US 374). The plaintiff offered no evidence to show that the Town, in setting the parkland fee at $1,500 per lot, failed to

analyze the impact of each new home in the Town and the Town's projected recreational needs.

The plaintiff further claimed that Local Law No. 3 was violative of the Due Process Clause of the Fourteenth Amendment to the Constitution by failing to provide a fact-finding process in which an applicant could participate with regard to the establishment of the amount of "in lieu of parkland" fees it would be required to pay. However, the setting of fees is a mere administrative detail which does not trigger the Due Process Clause (see AA&M Carting Serv. v Town of Hempstead, 183 AD2d 738).

The plaintiff claimed that Local Law No. 7, which requires an applicant to pay consultant fees incurred by the Planning Board in reviewing the application for a subdivision, improperly provided an open-ended and limitless fee with no mechanism to audit the amount of the fee. Under Municipal Home Rule Law § 10, a Town is vested with implied authority to impose fees, including consultant fees, on applications for land use approvals, as long as the expenses to be reimbursed are reasonable in amount and necessary to the accomplishment of the municipality's legitimate functions (see Home Bldrs. Assn. of Cent. N.Y. v Town of Onondaga, 267 AD2d 973). The plaintiff failed to prove that the expenses were not reasonable and necessary. Furthermore, the claim and audit procedures set forth in Town Law §§ 118 and 119 are available to assure that only reasonably necessary fees are charged (see Matter of Wildlife Assoc. v Town Bd. of Town of Southampton, 141 AD2d 651). The plaintiff could have availed itself of those audit procedures.

Since this is an action for a declaratory judgment, we remit the matter to the Supreme Court, Orange County, for the entry of a judgment declaring that Local Law No. 3 and Local Law No. 7 are legal and constitutional (see Lanza v Wagner, 11 NY2d 317, 334, appeal dismissed 371 US 74, cert denied 371 US 901). Smith, J.P., O'Brien, Krausman and Rivera, JJ., concur.