■ TWIN LAKES DEVELOPMENT CORP., Appellant, v TOWN OF MONROE, Respondent. [752 NYS2d 550] —In an action, inter alia, for a judgment declaring that Local Law 2000, No. 5, of the Town of Monroe is illegal and unconstitutional, the plaintiff appeals from an order of the Supreme Court, Orange County (McGuirk, J.), dated March 6, 2002, which denied its motion for summary judgment on the complaint and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment declaring that Local Law 2000, No. 5, of the Town of Monroe is legal and constitutional.

The plaintiff, a real estate developer, commenced this action claiming that Local Law 2000, No. 5 of the Town of Monroe, which conditions subdivision approval on payment of a public improvement inspection fee, is illegal and unconstitutional since it provides an open-ended and unlimited fee with no mechanism to audit the fee.

The Supreme Court properly determined that the plaintiff was barred from asserting its claim by virtue of the doctrine of res judicata since the plaintiff could have asserted this claim in the action entitled *Twin Lakes Development Corp. v Town of Monroe,* 300 AD2d 573 [decided herewith]) (*see County of Nassau v New York State Pub. Empl. Relations Bd.,* 151 AD2d 168, *affd* 76 NY2d 579; *Romano v Astoria Fed. Sav. & Loan Assn.,* 111 AD2d 751). Both actions challenge the same condition of subdivision approval (i.e., the condition that the plaintiff pay all required fees) on the identical legal theory that the condition allegedly requires payment of open-ended and unlimit fees with no right to an audit.

Since this is an action for a declaratory judgment, we remit the matter to the Supreme Court, Orange County, for the entry of a judgment declaring that Local Law 2000 No. 5 of the Town of Monroe is legal and constitutional (*see Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Smith, J.P., O'Brien, Krausman and Rivera, JJ., concur.