■ AMERICAN BOXING AND ATHLETIC ASSOCIATION, Appellant, v CHEMUNG COUNTY YMCA, Defendant, and NEW YORK STATE ATHLETIC COMMISSION, Respondent. [787 NYS2d 413]—

Cardona, P.J. Appeal from an order of the Supreme Court (O'Shea, J.), entered May 7, 2003 in Chemung County, which, inter alia, granted the cross motion of defendant New York State Athletic Commission for a permanent injunction.

Plaintiff is a nonprofit corporation which promotes participation in amateur boxing tournaments such as "Toughman" competitions. After plaintiff entered into a rental agreement with defendant Chemung County YMCA for space to hold a Toughman contest on March 14 and 15, 2003, Hugo Spindola, the General Counsel to defendant New York State Athletic Commission,[1] discovered that neither plaintiff nor its sponsor, Adore Able Productions, Inc., were licensed boxing promoters in New York. In a letter dated March 13, 2003, Spindola informed the YMCA that plaintiff's contest was not sanctioned by the Commission. Spindola further noted that, "persons and/or corporations who directly or indirectly conduct a boxing match or exhibition without a license and/or sanctioning from the Commission shall be subject to .criminal and/or civil penalties" (see McKinney's Uncons Laws of NY §§ 8916, 8933). On the same day, the YMCA issued a media release announcing the cancellation of the Toughman contest.

Plaintiff immediately moved for a temporary restraining order and preliminary injunction seeking to prevent the Commission from interfering with the scheduled contest. The petition

---

**1.** The Commission maintains "the sole direction, management, control and jurisdiction over all such boxing and sparring matches or exhibitions to be conducted, held or given within the state of New York and over all licenses to any and all persons who participate in such boxing or sparring matches or exhibitions . . . except as otherwise provided in this act" (McKinney's Uncons Laws of NY § 8906).

filed with the application for a restraining order alleged, inter alia, that Toughman boxing events were exempt from Commission regulations because they were amateur contests within the meaning of McKinney's Uncons Laws of NY § 8931.[2] After a hearing, Supreme Court issued a temporary restraining order permitting plaintiff to hold the March 14 and 15, 2003 contests as originally scheduled. Plaintiff thereafter went forward with the underlying action, serving notice that it was seeking a declaration that Toughman boxing matches are amateur events exempt from the Commission's regulations and also a permanent injunction prohibiting the Commission from interfering with Toughman events. The Commission cross-moved for an order dismissing plaintiff's application and granting a permanent injunction prohibiting plaintiff from conducting boxing events without first complying with applicable law and licensing requirements. Supreme Court granted the Commission's cross motion in its entirety and plaintiff appeals.

It is undisputed that the Commission is vested with the sole direction, management, control and jurisdiction over all boxing matches or exhibitions conducted within the State of New York (*see* McKinney's Uncons Laws of NY § 8906; 19 NYCRR 206.2). To obtain an exemption under McKinney's Uncons Laws of NY § 8931, a contest holder must come within one of the three categories of exceptions set forth therein. Since plaintiff is not a military or educational institution, it can only qualify under the remaining exception if it meets certain criteria such as demonstrating that its contests are conducted under the supervision of the U.S. Amateur Boxing Federation (now known as USA Boxing) and comply with USA Boxing's rules for amateur events. The record indicates that plaintiff does not so qualify. Therefore, plaintiff is subject to the rules of the Commission (*see Matter of*

---

**2.** McKinney's Uncons Laws of NY § 8931 provides, in relevant part: "The provisions of this act . . . shall not be construed to apply to any sparring or boxing contest or exhibition conducted under the supervision or the control of the New York state national guard or naval militia where all of the contestants are members of the active militia; nor to any such contest or exhibition where the contestants are all amateurs, sponsored by or under the supervision of any university, college, school or other institution of learning, recognized by the regents of the state of New York; nor to any such contest or exhibitions where the contestants are all amateurs sponsored by or under the supervision of the U.S. Amateur Boxing Federation or its local affiliates or the American Olympic Association . . . Any individual, association, corporation or club, except elementary or high schools or equivalent institutions of learning recognized by the regents of the state of New York, who or which conducts an amateur contest pursuant to this section must register with the U.S. Amateur Boxing Federation or its local affiliates and abide by its rules and regulations."

*Robinson v Krulewitch*, 18 Misc 2d 285, 287 [1959]; *see also Matter of London Sporting Club v Helfand*, 3 Misc 2d 431, 436 [1956], *affd* 6 AD2d 775 [1958]), and Supreme Court properly granted the Commission's cross motion for a permanent injunction.

Finally, assuming arguendo, that plaintiff has properly raised a challenge to the constitutionality of McKinney's Uncons Laws of NY § 8931, we find its arguments to be unpersuasive. Plaintiff contends that this statute is unconstitutional since it delegates authority to an outside corporation, i.e., USA Boxing, to determine who can be licensed to hold amateur boxing contests. This argument fails because the Legislature is clearly not delegating all its authority to USA Boxing. Significantly, plaintiff can still obtain a license from the Commission by fulfilling the proper requirements (*see* McKinney's Uncons Laws of NY § 8906). Additionally, the Legislature specifically stated that because of the hazards inherent in the sports of boxing and wrestling, "it is in the public interest to extend the jurisdiction of the state" into the regulation of those activities (*see* L 1988, ch 426, § 1, reprinted following McKinney's Uncons Laws of NY § 8901). The limited exception to the statutory requirements are only for three specific groups and applies solely to contests that the Legislature has deemed sufficiently supervised to protect the health and safety of the public (*see* McKinney's Uncons Laws of NY § 8931). Notably, a state may regulate some activities over others as long as a classification is not arbitrary and bears a rational relation to a legitimate government interest (*see AA&M Carting Serv. v Town of Hempstead*, 183 AD2d 738, 739 [1992]; *Matter of Shattenkirk v Finnerty*, 97 AD2d 51, 57 [1983], *affd* 62 NY2d 949 [1984]). Here, the distinction is rational because the risk to public health and safety under the supervision of these specified groups is remote inasmuch as they maintain their own rules to promote the safety of participants. Given the strong presumption in favor of a statute's constitutionality (*see People v Tichenor*, 89 NY2d 769, 773 [1997], *cert denied* 522 US 918 [1997]; *Matter of Van Berkel v Power*, 16 NY2d 37, 40 [1965]), we find no basis to conclude that McKinney's Uncons Laws of NY § 8931 is unconstitutional.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.